The STATE of Texas, Appellant,

v.

Jack D. PEVEHOUSE, Appellee.

No. 4555.

Court of Civil Appeals of Texas,
Eastland.

July 14, 1972.

Rehearing Denied Aug. 4, 1972.

Woodruff, Kendall & Smith, David M. Kendall, Jr., Dallas, Davis Grant, Austin, for appellant.

Ben Henderson, Dallas, for appellee.

COLLINGS, Justice.

The State of Texas acting through its Grievance Committee, Fifth Bar District, State Bar of Texas, instituted this disbarment suit against Jack D. Pevehouse as defendant in the district court. The trial was before the court without a jury. On December 20, 1971, a judgment of suspension for one year from the practice of law of Jack D. Pevehouse was entered by Judge Louis T. Holland, the presiding judge. The trial court found as a fact that the accused attorney, Jack D. Pevehouse, embezzled funds in the amount of over $2,500 belonging to one of his clients. The court concluded as a matter of law that such defalcation by the accused attorney constituted the commission of the crime of embezzlement as defined in Article 1534 of the Penal Code of the State of Texas, Vernon's Ann., and further concluded that such conversion of funds by the accused attorney constituted professional misconduct as defined in Section 8 of the Rules of the State Bar of Texas and that such conversion also constituted a violation of Canon 10 of the Canons of Ethics of the State Bar of Texas.

Section 9, Article XII, Rules Governing the State Bar of Texas, prior to December 20, 1971, read as follows:

"Disbarment shall be compulsory on proof of conviction of any felony, or of any misdemeanor involving the theft, embezzlement, or fraudulent appropriation of money or other property."

This is not a case, however, under the above rule requiring compulsory disbarment where the proof shows a conviction of a felony, or of any misdemeanor involving the theft, embezzlement or fraudulent taking of money or other property. This is a disbarment suit brought under the provisions of Section 28, Article XII, Rules Governing the State Bar of Texas, which reads in part as follows:

"If the court shall find from the evidence in a case tried without a jury . . . if he shall find the defendant guilty, he shall determine whether the party shall be (a) reprimanded, or (b) suspended from practice (in which case he shall fix the term of suspension), or (c) disbarred; and he shall enter judgment accordingly."

■ It is thus in a trial court's discretion in such a suit to fix the punishment of one so found guilty by the court of professional misconduct under Section 28. In 4 Tex.Jur.2d § 822, Appeal and Error—Civil, page 356, it is stated as follows:

"In the absence of a contrary showing, a lower court action involving the exercise of discretion is presumed correct, but appellate courts have authority to review such matters. The trial court abuses its discretion when it fails or refuses to apply the law to conceded or undisputed facts. However, an abuse of discretion that will justify interference by an appellate court implies more than an error of judgment. It must also be shown that the discretion was abused to the prejudice of the complaining party."

In 7 Am.Jur.2d, § 18, on page 53 it is stated as follows:

"In no case has it been considered that the power to disbar is an arbitrary or despotic one to be exercised at the pleasure of the court, or from passion, prejudice, or personal hostility. A sound judicial discretion controls the exercise of the power so that the rights and independence of the bar will be scrupulously guarded and maintained by the court, to the same extent as it maintains the rights and dignity of the court itself. A judgment in a disciplinary proceeding must be just to the public and must be designed to correct any antisocial tendency on the part of the attorney, as well as to deter others who might tend to engage in like violations; it must be fair to the attorney, but the duty of the court to society is paramount."

Appellant asserts that the relationship of an attorney and client is a close and personal one; that it is a fiduciary relationship in which the client reposes the utmost confidence in the integrity and honesty of his attorney and that when an attorney violates this confidence he degrades the profession of the law; that lawyers play a vital role in the administration of justice and that only lawyers may practice law in the courts representing others, and if the public loses confidence in the integrity of attorneys, they lose confidence in the proper administration of justice. Appellant contends that the trial court clearly abused its discretion in only suspending the accused attorney for one year rather than disbarring him.

■ We cannot agree with appellant's contention. Section 28, Article XII, Rules Governing the State Bar of Texas, as above quoted, clearly gives the judge of the trial court the power to determine whether the accused attorney should be reprimanded, suspended from practice or disbarred. It is therefore generally in the trial court's discretion to fix the punish-

ment of an attorney found guilty of professional misconduct. Under appellant's contention the court would have no discretion in such cases. The facts in the instant case are not such as to deprive the trial court of its discretion. The quotation from 4 Tex.Jur.2d, at page 356 and from 7 Am.Jur.2d, at page 53 both indicate that a sound judicial discretion controls the exercise of the Court's power so that the rights and independence of the bar will be scrupulously guarded and maintained by the court. It is further required that the court will exercise discretion in a manner that will be fair to the attorney. In our opinion the trial court acted within its discretion and no abuse thereof is shown.

The judgment is affirmed.