**The STATE of Texas, Appellant,**

v.

**Richard B. INGRAM, Appellee.**

**No. 6320.**

Court of Civil Appeals of Texas, El Paso.

Nov. 28, 1973.

Rehearing Denied Dec. 19, 1973.

Ward Koehler, Phillip E. Bargman, El Paso, for appellant.

Richard B. Ingram, Dallas, for appellee.

## OPINION

WARD, Justice.

This is a disbarment proceeding tried before the Court without a jury by which the Appellee was assessed the penalty of suspension from the practice of law for a period of three years. The State of Texas, acting through the Grievance Committee for District 16–A of the State Bar of Texas, has appealed and contends that as the proof and the Court's own findings in its judgment established that all elements of the offenses of embezzlement and perjury had been committed by the Appellee, that nothing less than disbarment should have been ordered. The sole question presented is whether the Court abused its discretion in not rendering such a judgment. We affirm and hold there was no abuse of discretion.

Suit was brought under the Rules of the State Bar of Texas as they existed prior to December 20, 1971, and it was alleged that the Appellee had committed acts of fraudulent and dishonorable conduct, including acts constituting willful violations of the Canons of Ethics and being within the definition of Professional Misconduct as set forth in Section 8 of Article XII of the Rules of the State Bar as they then existed. In April, 1969, the Appellee settled a personal injury case for his client, Mary E. Barker, and withheld the sums of $332.50 and $69.00 to pay medical bills owing by her to Dr. Saul Gonzalez. It was these events that led to the present litigation. At the conclusion of the proceedings, the trial Court made the following findings in its judgment:

"1. That the defendant, RICHARD B. INGRAM, is an attorney at law, licensed to practice law in the State of Texas.

2. That the Defendant, RICHARD B. INGRAM, is guilty of professional misconduct, in that

a) RICHARD B. INGRAM, acting as attorney for MARY E. BARKER, . . ., settled a personal injury and property claim for and on her behalf . . . That the said RICHARD B. INGRAM withheld moneys from said settlement in the amount of $332.50 and the amount of $69.00 for the purpose of paying the medical bills of the said MARY E. BARKER and the said RICHARD B. INGRAM, however, failed to pay over the said moneys, in violation of his trust and agreement with the said MARY E. BARKER, and converted said moneys unto his own use and benefit without the approval and authority of the said MARY E. BARKER, and was guilty of and did commit fraud and deceit towards his said client, MARY E. BARKER, and DR. SAUL GONZALEZ.

b) That the said RICHARD B. INGRAM in violation of the canons of ethics of the State Bar of Texas, did commingle the money of MARY E. BARKER with his private property and did use the same for his own benefit.

c) That the said RICHARD B. INGRAM was guilty of unethical and improper conduct in that . . . the said RICHARD B. INGRAM gave false testimony under oath to the District 16–A Grievance Committee of the State Bar of Texas to deceive said Committee and impede the proper procedure and enforcement of the State Bar rules and the laws of Texas; . . . failed and refused to pay such moneys . . . as he was obligated to do . . . on or about April 11, 1969, that he did not pay said moneys unto DR. SAUL GONZALEZ until the date of this hearing, October 20, 1972, when ordered by the Court herein in Open Court to pay said moneys . . ."

The Appellant argues that since Section 9, Article XII, Rules of the State Bar of Texas, as they existed prior to December 20, 1971, provided that disbarment was compulsory on proof of conviction of any felony, or of any misdemeanor involving

the theft, embezzlement, or fraudulent appropriation of money or other property and the trial Court having found all of the elements of the crimes of embezzlement and perjury had been committed by the Appellee, then disbarment should logically follow. This same contention was made by this same Appellant in State v. Pevehouse, 483 S.W.2d 565 (Tex.Civ.App.—Eastland 1972, writ ref'd n. r. e.), and was there rejected. The Supreme Court has given a qualified approval of that opinion by its notation, "writ refused, no reversible error," and we fail to see any significant distinction between the facts of these two cases. The authorities cited and the reasoning in the Pevehouse case are followed and particularly where it is stated that:

"* * * Section 28, Article XII, Rules Governing the State Bar of Texas, . . ., clearly gives the judge of the trial court the power to determine whether the accused attorney should be reprimanded, suspended from practice or disbarred. It is therefore generally in the trial court's discretion to fix the punishment of an attorney found guilty of professional misconduct. Under appellant's contention the court would have no discretion in such cases. The facts in the instant case are not such as to deprive the trial court of its discretion."

The judgment of the trial Court is affirmed.

PRESLAR, Chief Justice (dissenting).

I respectfully dissent. A review of the record in this case leads ineluctably to the conclusion that this is a case of abused discretion. This error arises, not because the elements of a crime were established, but because the Court erred in failing to grant the relief to which the Plaintiff was entitled on the proof which it made. Rule 301, Tex.R.Civ.P., provides:

"The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

The Plaintiff-Appellant in this case proved facts, and the judge found facts, which entitle it to a judgment of disbarment, and in failing to render that judgment the Court committed error which in my opinion is reversible error within the meaning of Rule 434, Tex.R.Civ.P., as it was such error as amounts to a denial of the rights of the Plaintiff-Appellant. Under that Rule, I would reverse this case and enter the judgment that the trial Court should have entered—disbarment.

The big gap between the right and wrong of this judgment is that Appellee has been established to be untruthful and not trustworthy, yet with nothing more than the passage of time he can return to the practice of law in that very status. He will not be required to change his ways but as a perjurer and embezzler will be able to hold himself out to the public as an attorney at law, a member of the State Bar of Texas in good standing, and thus certified to have good credentials. Not the least of those credentials is that he has been thoroughly checked and screened as to moral character before he was allowed to enter the profession, and that as a member in good standing he is in full compliance with a strict code of professional ethics. The public is entitled to believe that if that were not so, a Bar, which polices itself, would oust him. As in other fields of endeavor, some attorneys are more skillful and proficient than others, but the public is entitled to have all of a single standard of honesty. The laws and the organization of the Bar are adequate to meet that very basic obligation, but the ultimate result rests with the Courts. In this case, the State, on behalf of the public, calls on this Court to require a proven perjurer and embezzler to abstain from the practice of law for five years, and to be entitled to reinstatement, that he should show that he has been of good moral character and has been liv-

ing a life of generally good conduct. I think this attorney should be required to meet those requirements of one disbarred, as prescribed by Sections 32 and 33 of the State Bar Rules. As matters now stand, the attorney in this case stands adjudged to be a perjurer and embezzler by the trial Court and an appellate Court of this State, yet he is still an attorney and in a short time can hold himself out to the public as one certified to be of good moral character and worthy of the entrustment of their innermost confidence and most sacred rights.

The judgment should not be upheld on the premise that it can not be disturbed because it was an exercise of discretion. The majority follows State v. Pevehouse, supra, and adopts its language as to the broad powers of the trial Court in the exercise of its discretion. I disagree with that language because the degree of discretion lodged in the trial Court seems to be too great. It makes it appear as though the discretion was near absolute. This has the vice that it places a burden to overcome on an appellant which is greater than it should be. Also, it seriously affects the right of appeal in denying a full review by substituting the question of whether there was an abuse of this near absolute discretion. If the degree of discretion is to be measured, it appears that this is an instance in which it would be negligible, for after the facts are established, whether by a judge or jury, the trial Court then determines if those facts call for (a) reprimand, (b) suspension, or (c) disbarment. The trial Court does not occupy any superior position in this case which would give rise to discretion, because all that was before that Court is before this Court. There is a complete transcription of all of the evidence and exhibits, and there are the unchallenged findings of fact by the trial Court, which alone are sufficient to show error in the judgment based thereon. By the very nature of the question presented then, the exercise of discretion which we are talking about is only the application of the law to the proof made—did the trial Court abuse its discretion in that regard? A contention that there has been an abuse of discretion in such a case presents a question of law which can be decided by the appellate Court. State v. O'Dowd, 158 Tex. 348, 312 S.W.2d 217 (1958). And it is to be decided by the appellate Court as any other question of law. Truck Insurance Exchange v. Michling, 364 S.W.2d 172 (Tex.Sup.1963). The trial Court abuses its discretion when it fails or refuses to apply the law to conceded or undisputed facts. State v. Pevehouse, supra; 4 Tex. Jur.2d Appeal and Error—Civil Cases, Sec. 822; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (Tex.Comm'n App.1935, opinion adopted).

The writer is of the opinion that the trial Court erred, abused its discretion, in applying the law to the facts in that the proof made called for category (c), disbarment, rather than category (b), suspension. Plaintiff alleged and proved facts which entitled it to a judgment of disbarment, and I would reverse the judgment and render a judgment of disbarment.