**The STATE of Texas, Petitioner,**

v.

**Richard B. INGRAM, Respondent.**

**No. B–4441.**

Supreme Court of Texas.

June 26, 1974.

Rehearing Denied July 17, 1974.

Davis Grant and Robert W. Thompson, Austin, Texas S. Ward, Phillip E. Bargman, and Ward L. Koehler, El Paso, for petitioner.

Richard B. Ingram, pro se.

GREENHILL, Chief Justice.

A grievance committee of the State Bar of Texas instituted this action in El Paso to disbar Richard B. Ingram, an attorney. A jury was waived, and the case was tried to the court. The court found that the attorney had appropriated $401.50 of his client's funds and was guilty of unethical and unprofessional conduct. There is no evidence that any criminal charges had been filed against the attorney or that he has been convicted of any criminal offense.

The judgment of the court was that the attorney be prohibited from practicing law in any form, and from receiving any attorney's fees, for a period of three years.

The attorney did not appeal, but the grievance committee did. It contends that it was an abuse of the trial court to fail to completely disbar the attorney. The court of civil appeals at El Paso affirmed the judgment of the trial court, one justice dissenting. 502 S.W.2d 595. We also affirm.

As relevant here, the attorney represented Mrs. Mary E. Barker and her daughter. There had been an automobile accident. The agreed attorney's fee was a one-fourth contingent interest.

The case was settled for approximately $3,000. The attorney, after withholding his one-fourth fee and $250 for a divorce, also withheld from the settlement funds to pay his client's garage bill of $99.33; and the garage was paid. The attorney also held $401.50 to pay the two doctor's bills, one for Mrs. Barker and one for her daughter. The bills were not paid, and this gave rise to this action. The attorney testified upon the trial that he thought he had written a check and that it had been mailed to the doctor. No check was received, and the attorney admitted that no

letter containing the check was returned to him. A member of the grievance committee testified that the attorney told the committee under oath that he had retained the money in a trust account. There was no trust account.

The trial court did not believe the attorney as to the doctor's bills. The trial court ordered the attorney to pay the $401.50 to the doctor, and the money was paid in court prior to the judgment. As stated, his judgment was that the attorney be suspended from all practice of law for three years.

A statute provides that:

". . . Upon proof of *final conviction* of any felony involving moral turpitude or of any misdemeanor involving theft, embezzlement, or fraudulent appropriation of money or other property, where probation has not been given or has been revoked, the district court of the county of the residence of the convicted attorney *shall* enter a judgment disbarring him." [1] [Emphasis ours]

The statute also provides that:

"An attorney who has been given probation after such conviction [of a felony involving moral turpitude or a misdemeanor involving theft, embezzlement or fraudulent appropriation] shall be suspended from the practice of law for the period of his probation." [Matter in brackets added by us.]

■ The Legislature has thus provided that if any attorney is criminally charged and is convicted, he shall be disbarred; provided, that if the sentence is probated, he shall be suspended during the probation. It has not provided, therefore, that a conviction in all instances means an automatic disbarment. It has provided for some discretion in the trial judge to suspend the sentence and to bring about a corresponding suspension of the license to practice.

■ Mr. Ingram, the attorney here, has not been criminally charged or convicted of any crime. Whether he should have been disbarred or suspended, therefore, was a matter addressed to the sound discretion of the trial court. State v. O'Dowd, 158 Tex. 348, 312 S.W.2d 217 (1958); State v. Pevehouse, 483 S.W.2d 565 (Tex.Civ.App. 1972, writ ref'd n. r. e.); 7 Am.Jur.2d 52–53, Attorneys at Law § 18; and see State v. Murrell, 74 So.2d 221 at 223 (Fla.1954); In re Mackay, 416 P.2d 823, on rehearing 416 P.2d at 840 (Alaska, 1966).

■ The grievance committee concedes that the punishment affixed for Mr. Ingram was a matter for the exercise of the sound discretion of the trial court. The committee contends, however, that it was a gross abuse of discretion for the trial court not to completely disbar Mr. Ingram. We do not agree. Members of this court, if sitting as the trial judge, might have imposed a different sentence upon Mr. Ingram. The grievance committee points to a lack of evidence of mitigating circumstances to call for a sentence of other than disbarment. On the other hand, it appears that this was an isolated instance. It was the first and only time Mr. Ingram had been called before the grievance committee; and while the appropriation of $401.50 of a client's funds and failing to tell the grievance committee the truth about it is a very serious matter, so is the complete loss of three years of one's professional life. Since Mr. Ingram could not practice *at all* for three years, whatever clients he had will doubtless go elsewhere; and the stigma of the suspension will certainly not be helpful to him in any respect.

A judgment of a trial court in a disciplinary proceeding may be so light, or so heavy, as to constitute an abuse of discretion. We agree with the court of civil appeals that the three year suspension from the practice of law was not such an abuse of discretion in this case.

1. Art. 320a–1, Section 6, Vernon's Annotated Civil Statutes.

The judgments of the courts below are affirmed.

Dissenting opinion by STEAKLEY, J., in which REAVLEY and JOHNSON, JJ., join.

STEAKLEY, Justice (dissenting).

Once again I record my dissent to the stance of a majority of the Court against professional misconduct of an attorney. *See* In re Pena, Tex., 511 S.W.2d 931, opinion delivered June 19, 1974.

My views have been ably and forcefully expressed by Chief Justice Preslar of the intermediate court, 502 S.W.2d 595, 597. I am content to write briefly and only for the purpose of emphasizing considerations I deem particularly significant.

The trial court found these facts that are not attacked by Ingram: that he failed to pay over monies to his client in violation of his trust and agreement; that he converted said monies to his own use and benefit; that he was guilty of and did commit fraud and deceit towards his client; that he violated the Canons of Ethics of the State Bar of Texas in commingling money belonging to his client with his private property and using the same for his own benefit; that he gave false testimony under oath to the District 16–A Grievance Committee of the State Bar of Texas to deceive said Committee and impede the proper procedures and enforcement of the State Bar Rules and the laws of Texas.

Notwithstanding, the trial court did no more than suspend Ingram from the practice of law for a period of three years. I would hold that it was an abuse of discretion under these unattacked findings to do less than disbar Ingram. I am in like disagreement with State v. Pevehouse, 483 S.W.2d 565, (Tex.Civ.App.1972, writ ref'd n. r. e.). *Pevehouse* is cited in the majority opinion here and was given controlling effect by the intermediate court.

Tex. Bar Ass'n, Rules and Canons of Ethics, art. XII, § 28 (1973), under which the disbarment suit was instituted against Ingram, speaks without distinction of a determination by the trial court of whether the guilty attorney "shall be (a) reprimanded, or (b) suspended from practice, . . . or (c) disbarred." Just as the majority says that whether Ingram should have been disbarred or suspended was a matter addressed to the sound discretion of the trial court, so must it follow under the statute that had the trial court done no more than reprimand Ingram here, this likewise would have been a matter addressed to discretion. It seems to me that the rationale of the majority opinion necessarily rests upon the statutory investment of discretion in the trial court in disbarment proceedings instituted by the State Bar, and not upon the particular facts as to Ingram which are admittedly serious.

In my view, the unchallenged findings establishing the professional misconduct of Ingram invoke Tex.Rev.Civ.Stat.Ann. Art. 320a–1, § 6 (1973) and Tex. Bar Ass'n, Rules and Canons of Ethics, art. XII, § 9 (1973). Section 6 of Article 320a–1 provides:

"No disbarment proceeding shall be instituted against any attorney except in the district court located in the county of said attorney's residence, nor shall any attorney be suspended until such attorney has been convicted of the charge pending against him, in a court of competent jurisdiction in the county of such attorney's residence. Provided, however, upon proof of conviction of an attorney in any trial court of any felony involving moral turpitude or of any misdemeanor involving the theft, embezzlement, or fraudulent appropriation of money or other property, the district court of the county of the residence of the convicted attorney shall enter an order suspending said attorney from the practice of law during the pendency of any appeal from

said conviction. An attorney who has been given probation after such conviction shall be suspended from the practice of law for the period of his probation. Upon proof of final conviction of any felony involving moral turpitude or of any misdemeanor involving theft, embezzlement, or fraudulent appropriation of money or other property, where probation has not been given or has been revoked, the district court of the county of the residence of the convicted attorney shall enter a judgment disbarring him."

Section 9 of the Rules and Canons of Ethics defines professional misconduct as follows:

"a. Professional misconduct consists of any of the following:

(1) Misconduct as specified in DR 1–102, Code of Professional Responsibility; and

(2) A violation of Art. 430, Penal Code (Barratry).

b. Professional Misconduct constitutes grounds for disciplinary action regardless of whether the act or acts in question may constitute an offense under the Penal Code of this State, and whether the accused member is being prosecuted for, or has been acquitted of the violation of the Penal Code.

c. Disbarment shall be compulsory as provided in Sec. 6 of Art. 320a–1 (State Bar Act).

d. The Code of Professional Responsibility is cumulative of all laws of the State of Texas relating to the professional conduct of lawyers and to the practice of law.

I would hold that a trial court abuses its discretion where its judgment in a disciplinary proceeding is less than disbarment when the unchallenged facts found by the court establish professional misconduct that would render disbarment compulsory under criminal process.

The gravity of this matter to the public, as well as to the legal profession, is such that I cannot give my consent to the action of the majority and so respectfully dissent.

REAVLEY and JOHNSON, JJ., join in this dissent.