The STATE of Texas, Appellant,

v.

**Don L. BAKER, Appellee.**

**No. 12644.**

Court of Civil Appeals of Texas, Austin.

Dec. 7, 1977.

Rehearing Denied Dec. 21, 1977.

Davis Grant, Gen. Counsel, Robert C. Bass, Jr., Asst. to Gen. Counsel, State Bar of Texas, Austin, for appellant.

Bob Gibbins, Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

PER CURIAM.

This is the second appeal brought by the Grievance Committee for State Bar District Number Nine in this disbarment proceeding. The first appeal is reported in *State v. Baker*, 539 S.W.2d 367 (Tex.Civ.App.1976, writ ref'd n. r. e.).

In the first proceeding, the trial court entered judgment on a jury verdict exonerating appellee from all charges of professional misconduct except for a violation of Disciplinary Rule 5–107 (Avoiding Influence by Others Than the Client). For this violation the court entered a judgment of reprimand against appellee. On appeal this Court reversed the judgment and remanded the cause to the district court to consider, in its discretion, the assessment of punishment against appellee for additional violations of Rules 5–103 and 7–101(A)(3), citing *State v. Ingram*, 511 S.W.2d 252 (Tex.1974), and *Smith v. State*, 490 S.W.2d 902 (Tex.Civ. App.1972, writ ref'd n. r. e.).

Upon remand the trial court entered a judgment reprimanding appellee for each of the two additional violations relating to appellant's course of conduct from which judgment appellant has duly perfected this appeal.

Appellant is before us on a single point of error to the effect that the trial court, upon remand for an assessment of the measure of discipline pursuant to the mandate of this Court in the former appeal, abused its discretion and erred by merely reprimanding appellee for each of the two violations of the Code of Professional Responsibility found, as a matter of law, by this Court.

We must overrule this point and affirm the judgment of the trial court.

The facts of this case and our previous holding thereupon are fully set out in *State v. Baker, supra.* In remanding that case to the trial court, we pointed out that although the additional violations had been established under the facts pertinent thereto as a matter of law, punishment therefor was within the discretion of the trial court, citing *State v. Ingram, supra,* and *Smith v. State, supra.* The court has exercised its discretion in this matter and, in our judgment, we are bound thereby.

Nor do we believe that the court has abused this discretion under the law of this state as it is presently construed. Appellant concedes that there is little authority in Texas concerning a trial court's abuse of discretion in assessing the measure of discipline in a grievance proceeding; however, the Supreme Court in *State v. Ingram, supra,* held that the trial court did not abuse its discretion in refusing to order disbarment and merely ordering a three-year suspension from practice when the unchallenged facts found by the court established professional misconduct that would render disbarment compulsory under criminal process. We note that there was a strong dissenting opinion in *Ingram*; however, if any changes are to be brought about in this regard, an intermediate appellate court is not the proper forum in which to effectuate them.

The Supreme Court has also held[1] that the mere fact or circumstances that a trial judge may decide a matter within his discretionary power in a manner different from what an appellate judge would decide if placed in a similar circumstance does not demonstrate that an abuse of discretion has occurred. It has also been repeatedly held in this state that the abuse of discretion to

---

1. *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290 (1959).

justify interference by an appellate court with the exercise of the discretionary power by a trial court, implies more than an error of judgment.[2]

It is apparent from the record before us that the trial court, in good faith and using its best considered judgment, fit the punishment to the offenses before it, thus leaving this Court no alternative but to affirm this judgment.

Affirmed.

2. *Johnson v. City of Richardson,* 206 S.W.2d 98 (Tex.Civ.App.1947, no writ); *Grayson County v. Harrell,* 202 S.W. 160 (Tex.Civ.App.1918, writ ref'd); *County School Trustees of Calla-* *han County v. District Trustees of District No. 15,* 192 S.W.2d 891 (Tex.Civ.App.1946, writ ref'd n. r. e.).