The STATE of Texas, Appellant,

v.

E. Clayton MALONE, Appellee.

No. 09 86 046 CV.

Court of Appeals of Texas,
Beaumont.

Oct. 23, 1986.

tape recording of this was introduced in evi-

Adele M. Winn, Asst. Gen. Counsel, State Bar of Texas, Austin, for appellant.

John T. Muegge, Austin, for appellee.

OPINION

BURGESS, Justice.

This is an appeal from a judgment disciplining an attorney for acts of professional misconduct. The Grievance Committee for State Bar District 3–B initiated disciplinary proceedings against E. Clayton Malone, alleging various acts of professional misconduct. After a jury trial favorable to Malone, the committee filed a Motion for

dence.

Judgment Notwithstanding the Verdict, which was denied. The committee then perfected appeal to this court. This court held, as a matter of law, that Malone had committed ten separate acts of professional misconduct involving four complainants and remanded the cause for a hearing on an appropriate discipline. *State v. Malone,* 692 S.W.2d 888 (Tex.App.–Beaumont 1985, writ ref'd n.r.e.).[1]

The trial court conducted a hearing, acknowledged that Malone had committed the ten acts of professional misconduct, then ordered that Malone be suspended from the practice of law for thirty days, the suspensions to run concurrently for each of the four individual citizen complaints, and probated the suspensions over a period of eighteen months. The grievance committee brings this appeal alleging the trial court abused its discretion in assessing discipline or sanctions.

█ A judgment of a trial court in a disciplinary proceeding may be so light, or so heavy, as to constitute an abuse of discretion. *State v. Ingram,* 511 S.W.2d 252 (Tex.1974); *Daves v. State Bar of Texas,* 691 S.W.2d 784 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.). Further, the trial court, if it determines that suspension is the appropriate sanction, shall fix the term of suspension for each separate act of misconduct. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, sec. 23 (1984). This would be reason alone to remand the cause back to the trial court since the judgment does not assess a sanction on each separate act of misconduct, but only assessed a sanction on each of the complaints. This, however, is not our rationale in finding that the trial court abused its discretion. The trial court abused its discretion because the sanctions assessed are simply too light.

█ It appears the trial court treated each act of professional misconduct the same. There is no factual basis for such

treatment. If the professional misconduct involved in failing to withdraw in a divorce proceeding and failing to prepare and submit a divorce decree (the Richard Jordan complaints) merits the sanction imposed, then the other acts must merit a harsher sanction. This court recognized, in its earlier opinion, that the Richard Jordan complaint was, in some respects, partially the fault of Mr. Jordan himself, and further recognized there were mitigating circumstances on Malone's behalf.

Malone's other acts of professional misconduct were more blatant and serious and were not attended by mitigating circumstances. His misconduct involving the Marjorie Beall complaint, jeopardized the welfare of Mrs. Beall's children and with no suggestion of an excuse. Next, Malone's failure to prosecute the Rolling criminal appeal not only involved a client who was in confinement awaiting his purported appeal, but the judicial system as well. His failure to timely pursue the appeal necessitated additional judicial steps to protect the client's appellate rights. Finally, his failure to seek the lawful objectives of his client Munsch involved intentionally neglecting her title matters for several months.

As stated in our prior opinion, a speedy and proper disciplinary sanction is necessary in this case to protect the public, the public interest and the good reputation of the vast, overwhelming majority of Texas attorneys. We call to the trial court's attention those relevant factors stated in SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, sec. 23(B) (1984).

If, for whatever reason, the trial judge is reluctant to impose sanctions which are appropriate for each act of misconduct, he could not be faulted for stepping aside and asking the presiding judge of the administrative region to appoint a visiting judge to assess sanctions.[2] The judgment of the

---

1. The facts of each complaint and act of misconduct are detailed in the prior opinion.

2. We in no way impugn the integrity or competence of the trial court. We only recognize the difficult task of having to sanction a fellow attorney.

trial court is reversed and the cause remanded for a new hearing consistent with this opinion and the prior opinion.

REVERSED AND REMANDED.