CV1-300 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-300-CV




ROBERT LOONEY,



 APPELLANT


vs.





THE STATE BAR OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT



NO. 90-310-C26, HONORABLE VIRGIL MULANAX, JUDGE PRESIDING


 




PER CURIAM


 Robert Looney appeals from the trial court judgment that suspended his law license
for sixty-six months. The State Bar of Texas (SBOT) brought a disciplinary action against Looney
based on multiple acts of misconduct involving several clients. In a jury trial, the jury found in
favor of the SBOT. The judge determined the sanction. We will affirm the judgment of the trial
court.

 Looney brings eight points of error, contending that the trial court erred in: (1) 
submitting questions of law to the jury and failing to submit instructions regarding mitigating
circumstances; (2) applying the wrong standard of proof; (3) imposing an excessive sanction; (4)
failing to allow the jury to determine the sanction, and (5) failing to join the Texas Supreme Court
as a party.

 Appellant has not filed a statement of facts. Without a statement of facts, we
presume on appeal that all rulings at trial were correct and that sufficient evidence was introduced
to support the judgment. Murray v. Devco, Ltd., 731 S.W.2d 555, 557 (Tex. 1987); Texas
Employment Comm'n v. Bell Helicopter Int'l Inc., 627 S.W.2d 524, 526 (Tex. App.--Fort Worth
1982, writ ref'd n.r.e.); see Tex. R. App. P. 52(a).



Charge Issues

 In his first three sub-points under point of error one, Looney complains that the
trial court erred in submitting matters of law to the jury by formulating special issues based on
SBOT disciplinary rules, by submitting issues that asked whether his conduct was "prejudicial to
the interest of justice" or adversely reflected on his "fitness to practice law," and by failing to
instruct the jury about alcoholism as a mitigating factor.

 Appellant has not supplied a statement of facts. To determine whether alleged
errors in the submission of an issue, instruction, or definition are reversible, the appellate court
must consider the pleadings, the evidence at trial, and the charge in its entirety. Island
Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n, 710 S.W.2d 551, 555 (Tex. 1986);
Denman v. Burris, 815 S.W.2d 793, 796 (Tex. App.--El Paso 1991, writ denied); Olivares v.
State, 693 S.W.2d 486, 491 (Tex. App.--San Antonio 1985, writ dism'd w.o.j.). We have,
nevertheless, reviewed the transcript. (1) In the transcript, we find a handwritten document
containing objections to the charge and requested instructions. The document appears to be signed
by the trial judge with the notation that the objections were overruled and the requests refused.

 The objections made in this document in the transcript, however, are not the same
as Looney's objections on appeal, and therefore preserve nothing for review. See Board of
County Comm'r of the County of Beaver Oklahoma vs. Amarillo Hosp. Dist., 835 S.W.2d 115,
122 (Tex. App.--Amarillo 1992, no writ); Exxon Corp. v. Allsup, 808 S.W.2d 648, 655 (Tex.
App.--Corpus Christi 1991, writ denied). In the document in the transcript, Looney made general
objections to numerous questions, instructions, and definitions on the basis that the pleadings
were inadequate to support the charge. Looney also objected that certain instructions were not
"the law applicable to the case" and that the charge was being submitted without the instructions
or definitions necessary if the jury found that certain violations had occurred. (2) These are not the
objections made in his points on appeal. Id. We have no record that enables us to tell if the
objections on appeal were ever made in the trial court. Looney has waived the first three sub-points under point one.

 In his fourth sub-point under point of error one, Looney complains that the trial
court failed to submit several instructions on alcoholism as a mitigating factor. Assuming we can
review the sub-point based on the document in the transcript, Looney's brief supplies no argument
or authority to support his position. He has waived this sub-point on appeal. See Tex. R. App.
P. 74(f). Further, the point lacks merit.

 Some jurisdictions allow alcoholism as a defense or mitigating factor in disciplinary
actions. Patricia Sue Heil, Tending the Bar in Texas: Alcoholism as a Mitigating Factor in
Attorney Discipline, 24 St. Mary's L.J. 1263, 1282 (1993). Other jurisdictions recognize
treatment for alcoholism as a mitigating factor. Id. at 1283. Texas now recognizes recovery from
substance abuse as a factor that may be considered in imposing sanctions. In Texas, the Rules of
Disciplinary Procedure state that disability "resulting from the use of alcohol or drugs may not
be considered in mitigation, unless Respondent demonstrates that he or she is successfully
pursuing in good faith a program of recovery." Tex. R. Disciplinary P. 2.17, 3.10, reprinted in
Tex. Gov't Code Ann., tit. 2, subtit. G app. 1-A. (3) Even then, mitigation affects only the
imposition of sanctions, a function that the judge performs and that does not require jury
instructions. We overrule point of error one in its entirety.



Standard of Proof

 In points of error two and three, appellant complains that the court deprived him
of due process under both the United States Constitution and the Texas Constitution by instructing
the jury to render its verdict based on a "preponderance of the evidence" standard. He argues that
the correct standard is "clear and convincing evidence." We disagree.

 Disciplinary proceedings in Texas are civil. State v. Evans, 774 S.W.2d 656, 657
n.1 (Tex. 1989); McInnis v. State, 618 S.W.2d 389, 392 (Tex.Civ.App.--Beaumont 1981, writ
ref'd n.r.e.), cert. denied, 456 U.S. 976 (1982). The standard of proof used is preponderance of
the evidence. McInnis, 618 S.W.2d at 397; State Bar Rules art. X, § 16.

 Even if the charge instructed the jury to use an incorrect standard of proof, without
a statement of facts we have no way of determining whether any error was reversible. Tex. R.
App. P. 81(b)(1). The evidence presented at trial may have met the test of "clear and convincing"
evidence as well as the test of "preponderance of the evidence." We overrule points of error two
and three.



Sanctions

 In points of error four, five, and six, Looney complains that the trial court imposed
an overly long suspension. Looney's premise is that the maximum total length for a suspension
is three years. The State Bar Rules, however, say that the term of suspension "shall not exceed
3 years for each separate act of misconduct." State Bar Rules, Art. 10, § 23 (emphasis added);
see State v. Malone, 720 S.W.2d 842, 843 (Tex. App.--Beaumont 1986, no writ)(term of
suspension fixed for each separate act of professional misconduct rather than for each complaint).

 Looney further complains that the trial court improperly attempted to circumvent
the appellate process by making the sanctions extend "forward and back" to total sixty-six months
without regard for any action taken by the appellate court. In the judgment, four clauses impose
four separate periods of suspension. Each clause sets out one or more specific client names (the
"matter"), gives the number of months of suspension, and specifies the dates on which each period
of suspension begins and ends. The period of suspension specified for the second matter uses
calendar dates that begin on the day after the last calendar day of the first suspension; the third
period begins after the second; the fourth after the third.

 The specific paragraph about which Looney complains reads:



It is further ORDERED, that should every act or omission of misconduct found
with respect to any specific period of time for which Respondent is suspended from
the practice of law be finally held by a court of competent jurisdiction to be error
and be set aside by final judgment, all remaining periods of suspension shall run
consecutive so that Respondent will be suspended from the active practice of law
from January 12, 1991 for sixty-six (66) full months or for the maximum time,
consecutively, permitted by the periods of suspension in the final judgment that are
finally affirmed.



(Emphasis added.) The judgment is not attempting to set a sixty-six month suspension regardless
of any appellate court action. (4) The controlling language is "or for the maximum time
consecutively, permitted by the period of suspension . . . that are finally affirmed."

 The purpose of the paragraph about which Looney complains is to make sure that
all periods of suspension affirmed on appeal run consecutively. That is, if the suspension related
to the second matter were not affirmed, then the suspension related to the third matter would begin
the day after the first suspension ended. Even if the final total period of suspension was less than
sixty-six months, nevertheless, there would be no gaps of time during which Looney would not
be suspended, only to be suspended again. Rather, if the appellate court strikes the second period
of suspension, for example, then all of the periods coming after the second one would begin to
be served earlier than otherwise would have been the case. We overrule points four, five, and
six.

 In point of error seven, Looney complains that the jury should have determined the
appropriate sanction. Texas law does not support his position. Under Texas law, sanctions are
within the sound discretion of the trial court. Ingram v. State, 511 S.W.2d 252, 253 (Tex. 1974);
Malone, 720 S.W.2d at 843. We overrule point of error seven.



Supreme Court as Party

 In his eighth point of error, Looney complains that the Supreme Court of Texas,
as the body that issued his license to practice law, was an indispensable party. We disagree. The
Government Code provides that the Supreme Court shall prepare and adopt necessary procedures
for disciplining attorneys. Tex. Gov't Code Ann. § 81.072 (b) (West 1988). The Supreme Court
has delegated authority over discipline to the State Bar. State Bar Rules, art. 10, § 1. Looney
does not challenge that delegation as improper. We overrule point of error eight.

 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: November 24, 1993

Do Not Publish
1. [1]  Authority exists that some errors may be preserved for review via the transcript. General
Life and Accident Ins. Co. v. Handy, 766 S.W.2d 370, 373 (Tex. App.--El Paso 1989, no
writ)(complaint about special issues waived because not in transcript); see also 31 Jeremy C.
Wicker, Civil Trial and Appellate Procedure § 636, at 398 (Texas Practice 1985) (errors in the
charge not based on evidentiary matters may be preserved in the transcript). Even if the error is
preserved for review, the problem of determining harm from the error in the overall context of
the trial without a statement of facts remains. Tex. R. App. P. 81(b)(1).
2. [2]  This last objection appears to be based on Looney's premise that the jury, not the judge,
should impose sanctions. As discussed later in this opinion, the trial judge imposes the sanctions.
3. [3]  The current rules of disciplinary procedure do not apply to proceedings such as this one that
began before May 1, 1992. Tex. R. Disciplinary P. 1.04. We note, however, that a previous
rule stated that the trial court "shall consider, in addition to any other relevant matters, the nature
and degree of misconduct . . . ." State Bar Rules, Art. 10, § 23, reprinted in Tex. Gov't Code
Ann., tit. 2, subtit. G app. (West 1988). This would appear to have allowed a trial judge to
consider recovery from alcoholism as a mitigating factor with regard to the degree of sanction
imposed. See Smith v. O'Neill, 813 S.W.2d 501 (Tex. 1991) (recovery from cocaine addiction
enough of a change in circumstances that trial judge should have held a hearing to consider
reinstating revoked disciplinary probation).
4. [4]  The judgment perhaps would have been more clear if the first sentence had said "any" act
or omission rather than "every."