Maddest, Judge,
delivered the opinion of the court:
The Government has demurred to the plaintiff’s petition upon the ground that it does not state a cause of action, and on the further grounds that of the alternative kinds of relief prayed for, Part A is premature and Part B is “nugatory.”
We state shortly the facts alleged in the petition. The plaintiff served in the Classified Civil Service of the United States for seven years, four months, and three days, from July 1, 1906, to November 3, 1913. He then served as a commissioned officer in the Army for thirty-two years, nine months, and twenty-seven days, from November 4, 1913, to August 31, 1946. On August 31, 1946, he was retired from active military service, at his own request, under the provisions of Section 5, the Act of Congress approved July 31, 1935, as amended by Section 3 of the Act approved June 13, 1940. He has received no retirement compensation or benefits for his forty years and two months of Government service, except military retirement pay based upon the first thirty years of his military service. He filed an application with the United States Civil Service Commission on October 21, 1948, on Form 102, for “entitlement” to retirement benefits under the provisions of the Civil Service Ketirement Act, approved May 22, 1920, as amended by the Act approved February 28, 1948. The Commission rejected his application and its decision was affirmed by its Board of Appeals and Review. He appealed to the Comptroller General of the United States who advised him that it was not within the jurisdiction of that officer to render a decision at the plaintiff’s request.
The plaintiff asserts that for the ten years and two months of his total Government service not accounted for by the first thirty years of his military service, for which thirty years he is receiving retired pay, he is entitled to either (1) a deferred annual life annuity of $378.81 per annum beginning January 4, 1952, on which date the plaintiff will be *81 sixty-two years old or (2) payment for credit of ten years and two months past civil and allowable military service in the sum, for principal and interest, of $7,790.00, and for such other and further relief as to the court may seem just.
As we have said, the Government demurs to the petition on the ground that it does not state a cause of action. It urges that since there was no Civil Service Retirement Act until May 22, 1920, the plaintiff’s civilian service from 1906 to 1913 gave him no retirement rights, and that the 1948 amendments to that Act did not improve the plaintiff’s position. In view of our conclusion that no present relief can be given to the plaintiff even if he is covered by the Civil Service Retirement Act, as amended, we do not reach or decide the question whether he is so covered.
The relief asked first by the plaintiff is, in effect, a declaration that, beginning on January 4, 1952, on which date he will be sixty-two years old, the Government should begin to pay him an annuity of $378.81 per annum. We have no jurisdiction to make such a declaration. We can render a judgment only for money, and for money presently due. See United States v. Jones, 131 U. S. 1, 18; Henson Jackson et al. v. United States, 27 C. Cls. 74, 84. This request for relief is premature and cannot be granted.
In the alternative the plaintiff asks that he be paid by the Government $7,790.00. This request is based upon Clause B of Section 7a of the Civil Service Retirement Act, as amended by the Act of February 28, 1948, 62 Stat. 48; 5 U. S. Code 733. We quote the section.
Sec. 7a (U. S. C. 733). Should any officer or employee to whom this Act applies after having rendered five years of civilian service, computed as prescribed in section 5 of this Act, but less than twenty years of creditable civilian service and before becoming eligible for retirement under Section 1 (a) of this Act become separated from the service, such officer or employee shall be paid as he may elect, (A) a deferred annuity beginning at the age of sixty-two years, or the age at separation if beyond the age of sixty-two, computed as provided in Section 4 (a) of this Act, or (B) the total amount credited to his individual account together with interest at 4 per centum per annum to December 31, 1947, and 3 per centum per annum thereafter compounded on December 31 of each year to date of separation.
*82 The Government says that “the total amount credited to (the plaintiff’s) individual account” is zero, since the plaintiff did not make any contribution to a retirement fund. The plaintiff answers by quoting the final provision of Section 9 of the Act, 5 U. S. C. 736b which says:
Provided, That no deposit shall be required for any service rendered prior to August 1, 1920, or for periods of honorable service in the Army, Navy, Marine Corps or Coast Guard of the United States.
Since all of the service upon which the plaintiff relies comes within the language of the proviso, he urges that he may withdraw money pursuant to Section 7a, 5 U. S. C. 733 quoted above. We think not. The proviso of Section 9 means that, so far as concerns the annuity which an employee shall receive, pursuant to Section 7a (A), it shall not be reduced by the fact that he has not made the deposits required by the law, if his service was before August 1, 1920, or was in the Army. But we think he cannot, by electing to follow Section 7a (B), 5 U. S. C. 733, demand to be paid in cash money that he has not deposited. The statute says he shall be paid the total amount credited to his individual account, with interest. But since he has paid nothing in, nothing is credited to his account. The plaintiff asks to be paid $7,790. He apparently arrives at this figure by computing in some way the present worth of the deferred annuity to which he claims to be entitled under Section 7a (A). But the return to an employee, with interest, of the amount “credited to his individual account,” authorized by Section 7a (B) does not mean the payment to him of the present worth of his deferred annuity. It means the mere refunding to him, with interest, of the money which he has contributed toward payment for the annuity.
We conclude that the plaintiff’s claim to a deferred annuity is premature, and that his claim to a present cash payment under Section 7a (B) is unfounded. The Government’s demurrer to the petition is sustained and the petition is dismissed.
It is so ordered.
Howell, Judge; Whitaker, Judge; Littleton-, Judge; and JoNes, Ohief Judge, concur.