Military pay; retired pay (nondisdbility); computation of retired pay; adjustment to reflect changes in Consumer Price Index; monetary claim in futuro. — On November 22, 1974 the court issued the following order:
Before CoweN, Chief Judge, Davis and BeNNEtt, Judges.
“This case is before the court on defendant’s motion to dismiss the petition, plaintiff’s opposition thereto, and defendant’s reply. Plaintiff, a Navy commander, anticipates retirement on December 31, 1974. He pleads that he will suffer a diminution in retired pay as a result of decisions, Nos. B-179191 (1) and (2) of March 25,1974, of the General Accounting Office, on an Air Force general’s claim, which he asks the court to overrule because he disagrees with the method of computation used. Plaintiff admits that he has as yet suffered no monetary loss but that it is inevitable he will *880 do so unless the GAO is reversed in its construction of 10 U.S.C. § 1401a (e). The GAO has refused to reconsider the decisions plaintiff has questioned. ...
. “Since plaintiff has no present actual monetary claim and his loss is entirely hypothetical, what he is-asking for is essentially a declaratory judgment. This court has jurisdiction only to render judgment for money presently due. Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 372 F. 2d 1002 (1967) ; Prentiss v. United States, 115 Ct. Cl. 78 (1949). We cannot enter a declaratory judgment, United States v. King, 395 U.S. 1 (1969), nor for other nonmonetary equitable relief such as an injunction or specific performance. United States v. Jones, 131 U.S. 1 (1889).
“it is THEREFORE oedeeed, without oral argument, that defendant’s motion to dismiss be and it is hereby granted. The petition is dismissed.”