"This case is before the court, without oral argument, on defendant’s motion to dismiss the petition. In that petition, plaintiff alleges that he was called to active duty on March 11,1951, in the United States Marine Corps Reserve. In the summer of 1951, he was given a summary court-martial and a bad conduct discharge; however, approximately one month after the court-martial, he was returned to duty. Shortly thereafter, he says he went insane, and, on February 21, 1952, he was given a general medical discharge under honorable conditions.
"On December 22, 1964, plaintiff shot and killed his wife; he was convicted in 1965 and sentenced to life imprisonment. A series of protracted litigations through both state and federal courts resulted in findings that while plaintiff was sane at the time of the offense (see Bruce v. Estelle, 483 F.2d 1031, 1034 (5th Cir. 1973)), he was not sane and competent to understand the nature of the proceedings against him when he was tried, and is thus entitled to a new trial, see Bruce v. Estelle, 536 F.2d 1051 (5th Cir. 1976).
"It appears that plaintiff seeks to alter the nature of his discharge given in February, 1952; consequently, whatever the cause of action plaintiff may possess, it accrued on February 21, 1952. There was a time lapse of almost 25 years until the filing of his petition December 17, 1976. The Government contends that Plaintiffs claim is time barred by the six year limitation under 28 U.S.C. § 2501. While this statute does provide for a tolling of the running of the six year period while the plaintiff is suffering from mental incompetency, defendant argues that plaintiff has not pleaded sufficient facts to show the existence of the disability during the entire period of delay in filing his petition.
"We need not reach this more difficult issue since plaintiffs petition does not, in any event, state a claim which is within this court’s jurisdiction. The original *792 petition made no claim at all for money damages; only in response to defendant’s motion did plaintiff make a claim for money damages, and in that response he selected the arbitrary sum of $50,000, which obviously bears no relationship to any claim redressable in this court, e.g. for back pay as a marine for a period subsequent to his discharge until the end of his enlistment. In a later motion to amend his petition, plaintiff appears to seek disability compensation of the type administered by the Veterans Administration. While plaintiffs petition, even as sought to be amended, is unclear as to the exact relief sought, the main gist of his effort now seems to be to alter the nature of his discharge, and to obtain disability compensation. No right to back pay from the United States has been claimed, nor does any appear possible from the facts plaintiff has himself alleged. Since this court has no jurisdiction at all over Veterans Administration disability compensation and in general has jurisdiction only to consider non-tortious money claims against the United States presently due and owing, United States v. King, 395 U.S. 1 (1968), plaintiff has not stated a claim cognizable by this court.
"it is therefore ordered and concluded that defendant’s motion is granted and plaintiffs petition is dismissed.”