Civilian pay; Court of Claims jurisdiction; monetary claim in future. — On December 7, 1979 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
Plaintiff, a Civil Service annuitant, petitions this court for a judgment "to the effect that said petitioner’s United States Civil Service retirement annuity is not subject to recomputation when petitioner reaches the age of 62 and becomes eligible for Social Security reduced monthly cash benefits.” Petitioner will reach the age of 62 on August 1, 1980.
This case is now before the court on defendant’s motion to dismiss the petition, plaintiffs opposition thereto, and defendant’s reply. As defendant points out in its motion to dismiss, plaintiff neither claims for monetary relief nor asserts that any monetary relief is presently due him. While plaintiff asserts in reply that the downward adjustment in his annuity is a virtual certainty when he reaches the age of 62, he concedes that he is presently owed nothing.
*504 In the absence of a claim for money presently due, we have no jurisdiction over plaintiffs petition. Bruce v. United States, 214 Ct. Cl. 790 (1977), Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F. 2d 1002 (1967). This court is not an ombudsman nor is it organized to render legal advice except to the extent necessary to decide cases. The fact that a monetary loss in futuro is a virtual certainty is not sufficient to confer jurisdiction in this court. Bilka v. United States, 205 Ct. Cl. 879 (1974). Unlike the United States District Courts, we cannot enter a declaratory judgment, United States v. King, 395 U.S. 1 (1969), nor other nonmonetary equitable relief. United States v. Jones, 131 U.S. 1 (1889).
it is therefore ordered, without oral argument, that defendant’s motion to dismiss be and it is hereby granted. The petition is dismissed.
Plaintiffs motion for relief from order was denied January 9, 1980.