**Thomas D. DAVIS, Appellant,**

v.

**Sandra Rose DAVIS, Appellee.**

**No. 18062.**

Court of Civil Appeals of Texas, Dallas.

May 10, 1973.

Rehearing Denied June 7, 1973.

Wallace Heitman, Seward & Heitman, Dallas, for appellant.

Steven G. Condos, Condos & North, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The sole question presented by this appeal is the validity, *vel non*, of that portion of the trial court's judgment in this divorce action wherein the court decreed to the wife a proportionate part of the serviceman husband's future military retirement pay benefits which will not become payable to him under appropriate federal statutes until completion of twenty years' service in 1983, or eleven years after the divorce decree. We hold that inasmuch as the rights of the husband to the retirement benefits provided by federal statutes had not been acquired at the time of divorce such did not constitute community property subject to be apportioned by the trial court.

The facts are undisputed. Thomas D. Davis entered the military service of the United States on July 12, 1963 and since that time has served continuously as an officer on active duty in the United States Air Force. He presently holds a commission as captain. Captain Davis and Sandra Rose Davis were married on July 3,

1965 and to that marriage was born one child. On September 9, 1971 the husband instituted an action for divorce in the Domestic Relations Court of Dallas County. The parties entered into a property settlement agreement, and also an agreement concerning child support and child visitation. The property settlement agreement specified that the parties had not reached an agreement concerning possible retirement benefits which the husband might receive in the future from the United States Air Force and it was stipulated that this matter would be submitted to the court for decision.

The case came on for trial before the court, without a jury, on April 25, 1972. Captain Davis testified that as a member of the United States Air Force he did not contribute anything to his retirement benefits. He stated that to be eligible for receiving retirement pay from the United States Air Force he must complete a minimum of twenty years on active duty and also, during that period of time, he must be continuously promoted which would require a high standard of performance. He testified that as an officer he could resign from the Air Force at any time but that if he did so prior to the expiration of the twenty-year period he would receive no retirement benefits.

The trial court found, inter alia, that Captain Davis had a total of eight and one-half years in the service as of November 24, 1971 and that of this period of time eighty-two months were served during marriage to Mrs. Davis. The court also found that Captain Davis "would earn retirement benefits after 20 years' service, subject to contingent forfeitures." The court made the following conclusions of law: (1) Retirement benefits accruing for service in the military forces is a mode of compensation for services rendered; (2) the officer's interest in the retirement benefits to accrue at selected or compulsory

retirement is an earned property right and, "under Art. 4619,[1] the portion earned during marriage is community property"; (3) that the husband will not be entitled to retirement benefits until actual retirement and subsequent events may prevent any payments under earned retirement benefits, but if retirement does eventuate then the husband is entitled to share in keeping with the time served while married to the wife; (4) the right to retirement benefits, though not ripened by cessation of service, is not an expectancy but a property right, and the fact that death or dishonorable discharge may defeat actual payment, the wife is entitled to share in any benefits actually paid; and (5) the wife is entitled to receive one-half of 82 over the total number of months served by the husband, times the benefits payable at and during retirement.

The court rendered judgment dissolving the bonds of matrimony and incorporating the agreement of the parties concerning other properties, child support and visitation. The court then decreed:

"It is therefore ORDERED, ADJUDGED and DECREED by the Court that if and when the Petitioner, Thomas D. Davis, shall retire from the United States Air Force, and if and when he shall receive retirement benefits therefrom, the Petitioner, Thomas D. Davis, shall pay to the Respondent Sandra Rose Davis, an amount equal to one-half (½) of the fraction of 82 (representing the total number of months the Petitioner and Respondent were married while the Petitioner was a member of the United States Air Force) over a number figure representing the total months served by the Petitioner in the United States Air Force times the total monthly retirement amount the Petitioner shall receive in retirement benefits; such amount to be paid to the Respondent, Sandra Rose Davis, in monthly or other periodical

---

1. Now § 5.02 Tex.Fam.Code, V.T.C.A. (1971), "Property possessed by either spouse during or on dissolution of marriage is presumed to be community property."

payments as received by the Petitioner, Thomas D. Davis; to which action of the Court in ordering the Petitioner, Thomas D. Davis, to pay over to the Respondent, Sandra Rose Davis, a portion of retirement benefits derived from his service in the United States Air Force, if and when he shall receive such benefits, the Petitioner, Thomas D. Davis, duly and timely excepted and gave notice of appeal to the Fifth Court of Civil Appeals sitting at Dallas, Texas."

Appellant husband attacks only the quoted portion of the decree in five points of error. The main thrust of these points is that the possibility of receipt of retirement benefits from the United States Air Force eleven years in the future does not constitute community property of the parties subject to be divided and apportioned presently in the divorce decree.

Section 3.63, Tex.Fam.Code, V.T.C.A. (1971) [2] provides that in a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

Section 5.01 of the Family Code [3] characterizes marital property as being either separate or community. It is therein provided that a spouse's separate property shall consist of (1) the property owned or claimed by the spouse before marriage; (2) the property acquired by the spouse during marriage by gift, devise or descent; and (3) recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage. Then it is specifically provided that "community property consists of the property, other than separate property, acquired by either spouse during marriage."

■ The trial court in a divorce action, pursuant to the mandate of Section 3.63 of the Family Code to divide the estate of the parties, must determine the character of the marital property in the light of the definition provided by Section 5.01 of the code. The alleged "property" attempted to be divided by the trial court in this case does not appear in the ordinary form of real property or tangible personal property. Whatever form it takes derives its genesis from acts of Congress of the United States. In 10 U.S.C.A. § 8911 it is provided that the Secretary of the Air Force may, upon the officer's request, retire a regular or reserve commissioned officer of the Air Force who has at least twenty years' service, at least ten years of which have been active service as a commissioned officer. A "deferred" officer may be retired after twenty years' service, if not recommended for promotion or found to be disqualified for promotion, under specified conditions. 10 U.S.C.A. § 8913. He may be retired because of age. 10 U.S.C.A. § 8883 et seq. The officer's retirement pay is based upon his monthly basic pay at the time of his retirement in grade. 10 U.S. C.A. § 8991. An officer of the Air Force may resign at any time but if such resignation comes prior to the expiration of twenty years' active service no retirement pay benefits shall be made. The service man makes no contribution during his service to the retirement pay benefits.

When we consider the retirement payments provided by the federal statutes enumerated above in the light of the characterization of marital property set forth in § 5.01 of the Family Code a determination of whether such retirement pay benefits are a part of the community estate and subject to be divided by the trial court must be resolved by deciding whether such retirement

---

2. Being the same as former Art. 4638, Tex.Rev.Civ.Stat.Ann.

3. Being former Articles 4613 and 4615, Tex.Rev.Civ.Stat.Ann.

benefits are actually property rights acquired during marriage.[4]

■ It is settled law in Texas that the benefits paid upon retirement are not to be characterized as gifts which would constitute separate property even though the recipient of the retirement plan made no contribution in money to the accumulation of such benefits. Lee v. Lee, 112 Tex. 392, 247 S.W. 828 (1923); Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738 (1928). The principal prerequisite to participation in a retirement plan is the continued employment of the participant and such retirement benefits are uniformly considered a form of employee compensation. Our courts have uniformly held that such benefits are community property provided that they are acquired during marriage. Herring v. Blakeley, 385 S.W.2d 843 (Tex. 1965); Kirkham v. Kirkham, 335 S.W.2d 393 (Tex.Civ.App., San Antonio 1960; and Mora v. Mora, 429 S.W.2d 660 (Tex.Civ. App., San Antonio 1968). In the light of these authorities we hold that the retirement benefits paid by virtue of the federal statutes quoted above do not constitute a "gift".

We now turn to a consideration of the question of whether a right to participate in retirement benefits created by federal statutes is a property right which may be subject to the laws of this state which determine marital property rights. If it does constitute "property" within the meaning of the community property laws of Texas then the question arises: When was such property acquired?

■ Our Texas Constitution, Art. XVI, § 15, Vernon's Ann.St., expressly defines the community estate as property so that it necessarily follows that unless the interest in the retirement benefit is property then the same cannot be considered by the court in dividing the community estate.

The word "property" has been the subject of many definitions by legislatures and by courts. Our legislature, in dealing with taxes, defines "property" to include real or personal property, corporeal or incorporeal, and any interest therein. Article 14.00A, Vernon's Tex.Tax.-Gen.Ann., Vernon's Tex.Rev.Civ.Stat.Ann. Courts have variously defined the word "property" as signifying the physical corporeal thing, or denoting rights and interest. It may reasonably be construed to include obligations, rights and other intangibles, as well as physical things; and thus the word "property" means not only the thing possessed, that is, the physical corporeal thing, but also rights in the physical corporeal thing which are created and sanctioned by law. The word "property" embraces everything which is or may be the subject of ownership, whether a legal ownership, or whether beneficial, or a private ownership. 73 C.J.S. Property § 1, pp. 140–141. Our Supreme Court in Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513 (1921), gave a very comprehensive definition of the term "property", and an analysis of the elements of such term, in the following manner:

> "Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment and disposal. Anything which destroys any of these elements of property, to that extent destroys the property itself. The substantial value of property lies in its use. If the right of use be denied, the value of the property is annihilated and ownership is rendered a barren right. Therefore a law which forbids the use of a certain kind of property, strips it of an essential attribute and in actual result proscribes its ownership."

In Herring v. Blakeley, 385 S.W.2d 843 (Tex.1965), the Supreme Court declared that there was no requirement in Texas that community property must be reducible

---

4. A comprehensive and in depth analysis of the questions here presented is found in an exhaustive note by R. Dennis Anderson, "Military Retirement Benefits as Community Property—Busby v. Busby," 25 Sw.Law J. 340 (1971).

to immediate possession before a divorce court can take jurisdiction to determine the parties' rights therein. This concept was subsequently followed by the Court of Civil Appeals at San Antonio in Mora v. Mora, 429 S.W.2d 660 (1968), and later approved by the Supreme Court in Busby v. Busby, 457 S.W.2d 551 (1970).

■ In the light of these definitions and application thereof by the courts it is quite evident that the interest acquired by a service man in retirement benefits may constitute community property subject to be divided by a divorce court pursuant to § 3.63 of the Family Code. The question then presents itself: At what point in time was the property "acquired"? The answer to this question is obviously crucial because of the provisions of § 5.01 of the Family Code which expressly states that community property is that which is "acquired" by either spouse during marriage. As Anderson in his article, "Military Retirement Benefits as Community Property —Busby v. Busby", 25 SW.Law J. 340, et seq. (1971) correctly points out, at some point between the date an officer in the armed forces is commissioned and the date he begins to receive retirement pay, he acquires the right to that payment. It might be argued that this right vests upon the date of the officer's retirement in which case the election to retire operates as a condition precedent to the acquisition of the vested interest in the retirement benefit. The right to elect to retire, and not the right to the benefits, is conditioned solely upon the completion of a prescribed number of years in the service (usually twenty years for an officer on active duty). Under this theory rights under community property laws would attach only upon the officer's election to retire after obtaining eligibility.

■ Another theory would be to consider the right to retirement benefits vested upon the date the requisite tenure of service is completed by the service man. In that case the completion of twenty years of

active duty by appellant would operate as the only condition precedent to the acquisition of the vested right to participate in the retirement benefits. His failure to elect to retire prior to death or dishonorable discharge would operate as a condition subsequent, working a forfeiture of the previously vested right to retirement benefits. Pursuant to this theory a community property status would attach with the completion of a prescribed number of years in the service and would not depend upon the officer's actual election to retire. A review of the cases which have been decided in Texas convinces us that this latter theory is controlling of the question presented by this appeal.

In Kirkham v. Kirkham, 335 S.W.2d 393 (Tex.Civ.App., San Antonio 1960, no writ), the service man had completed twenty-two and a half years of service in the Air Force. He had served ten years before marriage and twelve and a half years after marriage. He had completed his twenty-year service time which would qualify him for retirement benefits but had not elected to retire at the time of the divorce. The court held that the military retirement pay account was an earned property right which accrued to him by reason of his years of service in military service. The court further held that such retirement pay account was earnings of the husband during marriage and as such was community property subject to be divided by the court.

In Mora v. Mora, 429 S.W.2d 660 (Tex. Civ.App., San Antonio 1968, writ dism'd), the same court held that an interest in a military retirement plan was an earned property right which accrued by reason of his military service. The court held that the husband acquired a vested property right when he had served a length of time sufficient to entitle him to retirement benefits, even though at the time of the divorce he had not yet retired, and even though retirement payments would not be payable until he did retire. The court went on to hold that the fact that the service man might die or receive a dishonorable dis-

charge before retirement, and thus forfeit his retirement benefits, did not reduce his interest in the retirement benefits to the status of a "mere expectancy."

The latest expression of the Supreme Court is found in Busby v. Busby, 457 S. W.2d 551 (1970). In that case the husband entered the Air Force on September 14, 1942 and was married March 1, 1946. On September 14, 1962 the husband completed twenty years of service and thus became eligible for voluntary retirement. A decree of divorce between the husband and wife was entered on June 25, 1963 but at that time the trial court made no order concerning the question of division of retirement benefits. Subsequently on June 25, 1963 the Air Force ordered the defendant to be retired for disability reasons and since that time he has drawn disability retirement pay pursuant to Title 10 U.S.C.A. § 1201. The wife brought an action for partition of the Air Force disability retirement benefits contending that she was entitled not only to a portion of the disability and retirement benefits but also an equal one-half of all benefits accruing in the future. The Supreme Court, expressly approving the holdings in *Kirkham* and *Mora*, supra, held that there was no difference between rights accruing to the service man under the voluntary retirement plan and the disability retirement situation involved in the case. The court specifically held that "voluntary retirement" refers to the right of a service man to voluntarily retire, upon his election to do so, *after he has completed a required tenure of service,*

Title 10 U.S.C.A. § 8911. The court then stated:

"In all of the cases herein above discussed, the service man had satisfactorily completed the required tenure of service that made him eligible for voluntary retirement, subject only to his election to so retire. The right having become fixed subject to the sole contingency of the service man's election, during the time the marital relationship existed, it was held to be vested as community property, to the extent that it accrued during the time of the marriage, even though the voluntary election to retire had not been made as of the date of the divorce of the parties. Judgments were rendered providing for the wife's portion 'if, when, and as' the benefits were paid to the husband."

██ While many questions seem to remain unresolved by *Busby*, that court's express approval of *Kirkham* and *Mora* clearly indicates the holding of our highest court to be that the interest of a service man in his military retirement benefits becomes a vested property right and community property subject to be divided by a court in a divorce action only when the required statutory period of time has come about during the marriage relationship [5] even though the election of the service man to retire separates him from actual payment.[6]

In 1971 this court decided Miser v. Miser, 475 S.W.2d 597 (Tex.Civ.App., Dallas 1971, writ dism'd), upon which appellee

---

5. In a strongly worded dissenting opinion in *Busby*, Justice Walker (joined by Justices Greenhill and McGee) stated:
"It is my opinion that the 'right' of a member or former member of the armed forces to retirement benefits that are payable in the future, resting as it does on a statute that is subject to modification or repeal at any time, does not constitute property. The court granting the divorce could and should take it into consideration and, in the exercise of the broad powers conferred by Article 4638, is in position

to enter an order that is just and equitable under the circumstances. [Citing *Mora* and *Kirkham*] Our present departure from reality in holding that 'title' to benefits payable in the future 'vests' or has its inception when the serviceman becomes eligible for retirement can lead to grossly inequitable results."

6. In construing Arizona statutes similar to ours the court reached the same result in Commissioner v. Wilkerson, 368 F.2d 552 (9th Cir. 1966).

strongly relies. While we adhere to our decision in *Miser* we are of the opinion that the facts in that case are such as to distinguish it from the instant appeal so that it is not controlling of our disposition of this case. In *Miser* we dealt with an enlisted man who had served eighteen and one-half years in the Air Force at time of divorce. Pursuant to 10 U.S.C.A. §§ 8914, 8929 and 8991 the enlisted man would have become eligible for retirement benefits at the end of twenty years' service. However, prior to the time of the divorce the service man had re-enlisted as a member of the Air Force which term of enlistment would carry him beyond the twenty-year retirement period making him eligible for benefits under the federal statutes. We held in that case that at the time of the divorce the service man had acquired community property rights in the retirement benefits because of the time served together with his contractual obligation to complete the statutory period. An enlisted man, as distinguished from an officer, would be obligated by law to complete his term of enlistment and the retirement benefits could be defeated only by dishonorable discharge or death. In the case of an officer, as pointed out above, the service man may resign at any time and such resignation prior to the completion of the number of required years would effectively preclude the payment of military retirement benefits. In addition, the statutes expressly provide that a commissioned officer must be continuously promoted in rank and if not he may be retired involuntarily from the service. Such a provision has no application to an enlisted man, such as Miser. We made it plain in *Miser* that since the husband had bound himself to serve for more than enough time to receive his retirement benefits that such were "accrued" so as to validate the action of the trial court in making a division of such benefits, if, when, and as paid. We also expressly stated that our holding in *Miser* was confined to the particular facts and circumstances and that we did not decide whether prospective rights are subject to present division.

■ While it has been, and may continue to be, argued that a judicial determination that future payments of military retirement benefits do not constitute community property at the time of a divorce may result in inequitable results, we submit that such may be avoided by the exercise of discretion granted to trial courts pursuant to § 3.63 of the Family Code. As stated in a dissenting opinion in *Busby* the court granting the divorce could and should take into consideration the facts concerning acquirement of a portion of military retirement benefits during marriage in order to enter a just and equitable decree under the circumstances.

■ We hold that at the time of the divorce decree in this case Captain Thomas D. Davis and his wife Sandra Rose Davis had not acquired community property rights in military retirement pay benefits which might possibly become payable to Captain Davis by virtue of his military service in 1983, pursuant to appropriate federal statutes. Not being community property subject to division the trial court was in error in rendering a decree awarding Sandra Rose Davis any part of such potential military retirement benefits.

No appeal is taken from any other part of the trial court's judgment than that copied above relating to award of a portion of future military pay benefits. Accordingly, that part of the trial court's judgment is here reversed and judgment rendered that Sandra Rose Davis do have and recover nothing as against Thomas D. Davis upon her claim for alleged community property benefits in and to future military retirement pay to Thomas D. Davis pursuant to federal statutes.

Reversed and rendered.