**W. E. CAMPBELL, Jr., Petitioner,**

**v.**

**John M. AVINGER et al., Respondents.**

**No. B–4278.**

Supreme Court of Texas.

Feb. 6, 1974.

Strasburger, Price, Kelton, Martin & Unis, Thomas C. Unis and Patrick F. McGowan, Dallas, for petitioner.

Storey, Armstrong & Steger, Charles P. Storey, Dallas, for respondents.

PER CURIAM.

This is a suit by four limited partners against the general partner to recover an

amount claimed by the plaintiffs to be owing them as their share of the profit realized from the sale of land owned by the limited partnership. Defendant's motion for summary judgment was granted by the trial court. The Court of Civil Appeals reversed this judgment and remanded the cause to the trial court. 499 S.W.2d 698. Defendant filed an application for writ of error, and we agree with the Court of Civil Appeals that the trial court erred in rendering summary judgment in his favor. The application for writ of error is accordingly Refused, No Reversible Error.

By their sixth point of error in the Court of Civil Appeals, plaintiffs asserted that the trial court erred in overruling their motion for summary judgment. In disposing of this contention, the intermediate court stated that the facts had not been fully developed by the summary judgment proofs. It then observed that when the trial court's judgment is reversed in these circumstances, the intermediate appellate court is not required to render judgment against the losing party, even though a judgment against him in the trial court would have been proper, but is authorized by Rule 434, Texas Rules of Civil Procedure, to remand for further proceedings in the interest of justice.

A party who moves for summary judgment has the burden of establishing his right thereto as a matter of law, and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the moving party. Gibbs v. General Motors Corp., Tex.Sup., 450 S.W.2d 827; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. It is possible that the present record does not establish plaintiffs' right to a summary judgment. Since no application for writ of error was filed by the plaintiffs, we cannot decide that question here or determine whether an appellate court may, in the context of an appeal from a summary judgment, properly exercise discretion to remand in the interest of justice as authorized by Rules 434 and 505.

Our action on the application for writ of error filed by defendant is not to be taken as an expression of opinion on either of those questions.