## Marilyn F. BRIGHT, Appellant,

v.

## Ronald R. BRIGHT, Appellee.

### No. 15496.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 17, 1975.

Gardner, Ferguson & Associates, San Antonio, for appellant.

Gerald B. Fisher, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant has perfected her appeal from the property division of a divorce decree. The principal question is whether the divorce court has the power to divide nonvested military retirement benefits. The trial court held that under existing case law it did not have this power. We agree.

Appellant and appellee were married in 1959 and separated in February of 1975. At the time of the marriage, appellee was an enlisted man in the United States Air Force. He was subsequently sent to college by the Air Force and commissioned as an officer. At the time of the divorce, appellee had 16 years and four months service. Under the law, he will be eligible for a retirement pension if he serves 20 years. The parties agreed upon a division of all community property and upon the amount of child support to be contributed by appellee for each of the three minor children. Appellant's attorney stated to the trial court that the only issue in dispute was the status of the prospective retirement pay. The trial court approved the agreed property division, and found that appellant had no property right in the future retirement benefits.

The identical question before us was recently considered by the Austin Court of Civil Appeals in *Lumpkins v. Lumpkins*, 519 S.W.2d 491 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). After a full discussion of the authorities which have considered the question of future military retirement benefits, the court held that before military retirement benefits are subject to division by the divorce court, those benefits must be vested. Nothing would be gained by restating the authorities set forth by Justice Shannon in support of this holding. These authorities fully support such holding and we adopt same.

Here, as in *Lumpkins*, appellee was required to serve 20 years in the Air Force before his right to retirement benefits vest-

ed. Therefore, the trial court did not err in holding that appellant had no property right in appellee's future retirement benefits.

■ Appellant urges as an alternative point that the trial court abused its discretion in the division of the community property. It is seen that the property disposition was based upon the agreement of the parties and their respective attorneys. Under this agreement, appellant received most of the community property. The trial court did not abuse its discretion in approving the property agreement.

The judgment is affirmed.