Robert L. CEARLEY, Appellant,

v.

Shirley CEARLEY, Appellee.

No. 12385.

Court of Civil Appeals of Texas,
Austin.

April 7, 1976.

Rehearing Denied April 28, 1976.

Michelle Bolton, Bolton & Bolton, Cedar
Park, for appellant.

Terry L. Belt, Mitchell, George & Belt, Austin, for appellee.

O'QUINN, Justice.

In district court Shirley Cearley, appellee, by original petition, and Robert L. Cearley, now appellant, by cross-action, sought divorce from the other party and division of property belonging to the parties. After trial before the court without a jury, the court granted Shirley Cearley a divorce and made division of the property. Robert L. Cearley has appealed from that portion only of the decree purporting to effect division of the property.

Appellant brings three points of error, under which his foremost contention attacks the trial court's award to the wife of a substantial interest in the husband's military retirement benefits "if and when" received by appellant.

We will reverse the trial court's judgment with respect to award of retirement benefits, and will render judgment that the court was without authority to order division of prospective retirement benefits not vested in the parties on the date of judgment.

The parties were married first on November 21, 1951, and that marriage terminated with divorce in March of 1955. Thereafter, on May 7, 1956, appellant enlisted in the United States Air Force, and the parties remarried in March of 1957. At the time the final judgment was entered in these proceedings, on June 3, 1975, appellant had attained the rank of Master Sergeant and had served approximately 227 months in the Air Force, 217 months of which appellant was married to appellee. Appellant will complete twenty years of service on May 7, 1976, and his present enlistment extends until August 31, 1976.

The trial court, by judgment entered June 3, 1975, ordered that "If and when Robert L. Cearley . . . retires and receives a retirement benefit . . . then, and in such event, the Petitioner [appellee] is to receive one-half (½) of 18 of the fraction of the number of years of active service until retirement . . . ." At the time of judgment appellant had completed about nineteen years of service, or about one year less than the minimum of twenty years required to become eligible to apply for retirement pay.

In an earlier case, involving the prospective military retirement benefits of an officer in the United States Army, this Court held that the trial court was without authority to divide future retirement benefits not yet earned and therefore not vested at the time of the divorce judgment. *Lumpkins v. Lumpkins*, 519 S.W.2d 491 (Tex.Civ. App. Austin 1975, writ ref. n. r. e.). Recently the San Antonio Court of Civil Appeals affirmed the action of a trial court in holding that it was without power to award the wife an interest in the future military benefits of the husband who as an officer in the United States Air Force had completed sixteen years and four months of the twenty years of service required before being eligible to apply for retirement pay. *Bright v. Bright*, 531 S.W.2d 440 (Tex.Civ. App. San Antonio 1975, no writ).

Appellee argues that the rule applied in *Lumpkins* and *Bright*, involving prospective retirement pay of officers, is not controlling where, as in this case, the future military retirement benefits are those of an enlisted man, and in this contention appellee relies on the holding in *Miser v. Miser*, 475 S.W.2d 597 (Tex.Civ.App. Dallas 1971, writ dism'd). In *Miser*, and later in a case involving future retirement benefits of an officer, the appellate court distinguished between officers and enlisted personnel on the basis of their respective obligations to the service. See *Davis v. Davis*, 495 S.W.2d 607 (Tex. Civ.App. Dallas 1973, writ dism'd).

In *Miser* the court held that, because the enlisted man had contracted to serve for more than enough time to complete the requisite twenty years, the benefits had *accrued* so as to validate the trial court's action in making a division of such benefits if, when, and as paid in the future. (See *Davis*, 495 S.W.2d 614, col. 1). In *Davis* the court distinguished an officer's retirement from that of an enlisted man in this lan-

guage: "An enlisted man, as distinguished from an officer, would be obligated by law to complete his term of enlistment and the retirement benefits could be defeated only by dishonorable discharge or death. In the case of an officer . . . the serviceman may resign at any time and such resignation prior to the completion of the number of required years would effectively preclude the payment of military retirement benefits." (495 S.W.2d 614)

The statutes under which members of the United States armed forces may earn retired pay for length of service appear to be substantially uniform in prescribing the events which must occur before a claim for retirement benefits accrue. 10 U.S.C.A. ch. 67 (Non-Regular Service), ch. 367 (Army), ch. 571 (Navy and Marine Corps), ch. 867 (Air Force). The uniform minimum length of creditable service for officers and enlisted personnel is twenty years, and all personnel of all armed forces are required, after completion of the requisite years of service, to apply to the appropriate authority for retirement benefits, which become payable only upon official receipt of credit for twenty years of satisfactory service. Retired pay thereafter is based upon rates fixed by computation tables prescribed by statute for officers and enlisted personnel alike.

 Retirement pay for military service is not regarded by the United States courts as a grant, gratuity, or a pension, but has been declared to be a benefit which the serviceman earns by completing the years of creditable service prescribed. *Berkey v. United States*, 361 F.2d 983, 176 Ct.Cl. 1 (1966). The obligation of the United States to pay retirement benefits, however, accrues only when all events have occurred which fix the liability of the government. The conditions must be such as would entitle the claimant to institute an action, if necessary, for a money judgment. The rule is applied equally to obligations arising under contract, *Oceanic S. S. Co. v. United States*, 165 Ct.Cl. 217 (1964), and by statute, *Sauer v. United States*, 354 F.2d 302, 173 Ct.Cl. 642 (1965). No vested or contractual right to retired pay exists with respect to service in the armed forces, and payment of such benefits depends upon a statutory right, not upon common law rules governing private contracts. *Goodley v. United States*, 441 F.2d 1175, 194 Ct.Cl. 829 (1971).

 The right of the serviceman to sue for retirement benefits has not accrued, and will not accrue, until he actually serves the requisite number of years and has obtained receipt of credit for not less than twenty years of creditable service. This rule has been applied equally to enlisted and officer personnel. *Kirby v. United States*, 201 Ct.Cl. 527 (1973) (Air Force master sergeant); *Montilla v. United States*, 457 F.2d 978, 198 Ct.Cl. 48 (1972) (Army officer). Until all events have happened, necessary to establish a claim for money presently due, a claim for retired pay is not mature and the United States Court of Claims will not entertain an action to enforce payment. See order of dismissal, 205 Ct.Cl. 879, 880 (1974); *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

 It is plain that administrative authorities and the federal courts, applying or construing the statutes, uniformly make no distinction between officers and enlisted personnel with respect to the nature of retirement benefits and the time and manner in which the right to retired pay becomes an obligation of the United States. The fact that an enlisted person by contract may be obligated to remain in the service beyond the requisite twenty years is not a basis for holding that, prior to completion of the years of creditable service prescribed by law, his retirement benefits may be *acquired* by him within the meaning of the Texas statute defining community property as property ". . . other than separate property, *acquired* by either spouse during marriage." (Emphasis added) Art. 5.01, Texas Family Code (1975).

At the time the trial court entered judgment in June of 1975 appellant had completed approximately nineteen years and twenty-seven days of service. Until appellant completes twenty years of service, on or about May 7, 1976, and has applied for

retirement and obtained confirmation that his years of service constitute at least twenty years of satisfactory service, he has not and cannot acquire the right to retired pay. Before the benefits have *accrued* under the statutes creating the right to earn retired pay, appellant cannot *acquire* the benefits as property within the meaning of the Family Code. Appellant's contract to remain in the service until August 31, 1976, nearly four months beyond the end of twenty years, cannot alter the statutory requirements to hasten maturity of any prospective right to retired pay. Appellant's benefits under the federal laws will not be *acquired* until the minimum service has been completed and all events fixing government liability have occurred in compliance with statutory requirements.

 We hold that the trial court was without authority to order division of appellant's prospective military retirement benefits because no vested interest had been acquired at the time of judgment in the retirement benefits.

Appellant's point of error one is sustained, and judgment will be rendered that the trial court was without authority to order division of appellant's prospective military benefits.

Under points two and three appellant urges error in awarding certain personal property to appellee and that the trial court abused its discretion generally in favoring appellee "when dividing the parties' estate." We overrule these points.

Complaint is made that a "Troy tiller and the stack of lumber" located at an Austin address should have been awarded to appellant. We find nothing in the record to demonstrate that by awarding these items to appellee an inequitable division of the community estate resulted or that the court abused its discretion in making such award. Further, full review of the record fails to show a division of the community estate in general was so inequitable as to amount to an abuse of discretion.

Appellee by cross point insists that the trial court erred in not ordering appellant to pay attorney's fees of $5,000 incurred by appellee. The trial court found the fees reasonable and necessary, but ordered ". . . both Petitioner and Respondent to pay their own attorney's fees." Appellee prays that the cause be ". . . remanded with instructions that the Trial Court award Appellee's attorney's fees to Appellant." Appellee concedes that ". . . allowance of attorney's fees to the wife in a divorce are [*sic*] within the discretion of the Trial Court." *Rampy v. Rampy*, 432 S.W.2d 175 (Tex.Civ.App. Houston 14th 1968, no writ). We find that the trial court did not abuse its discretion in failing to order appellant to bear appellee's cost of attorneys. The cross point is overruled.

Insofar as the trial court ordered division of military retirement benefits the judgment is reversed, and judgment is rendered that such orders be, and the same are hereby, set aside. In all other matters the judgment of the trial court is affirmed.

Affirmed in Part and Reversed and Rendered in Part.