Mary SCHAPPELL, Appellant,

v.

Robert Nathaniel SCHAPPELL, Appellee.

No. 6546.

Court of Civil Appeals of Texas,
El Paso.

Dec. 8, 1976.

Rehearing Denied Jan. 5, 1977.

Johnson, Allen & Aycock, P. C., James T. Allen, El Paso, for appellant.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, Donald F. Hagans, II, El Paso, for appellee.

OPINION

OSBORN, Justice.

This appeal in a divorce case involves only the issue of the right of the trial Court to divide the Appellee's military retirement benefits where there was less than twenty years' service at the time of the divorce. Having concluded that the trial Court should have considered and divided such benefits, we reverse and remand the case for disposition of this one issue.

The parties were married in December, 1951, and divorced in January, 1976. They have three children, one who is still a minor. The Appellee is a Chaplain in the Army with a rank of Lieutenant Colonel, and he had completed over eighteen years

of service at the time of the divorce. He has an ecclesiastical indorsement from the Episcopal Church which, he testified, if withdrawn would terminate his service in the active duty reserves. The Appellee acknowledged that, after eighteen years on active duty, under usual circumstances he could not be eliminated from the service prior to completing twenty years for retirement purposes. In addition, an officer from the Judge Advocate General's Corps testified that once an officer had eighteen years' service, he could not be reduced in grade and could not be eliminated from the service, except for some action on his part such as misconduct or a resignation, if it be accepted. There was also testimony that twenty years' service was required for retirement purposes. The trial Court granted the divorce, divided the community property, ordered Appellee to pay child support, and concluded that the retirement benefits were not vested and could not be divided between the parties. We conclude that the trial Court erred in not dividing the military retirement benefits.

The evidence clearly established that once an officer completes eighteen years of service, military regulations guarantee his right to two more years' service so that he may fully earn his retirement benefits, the only exception being his own misconduct or his determination to terminate his service by resignation. Many cases have considered the issue of whether a trial Court may divide military retirement benefits, and they have basically concluded that absent twenty years' service at the time of the divorce there is no vested property right to divide.[1] Understandably, the trial Court followed those decisions. In *Miser v. Miser,* 475 S.W.2d 597 (Tex.Civ.App.—Dallas 1971, writ dism'd), the Court in a well reasoned opinion reached a just result by holding that an airman, who had completed eigh-

teen and one-half years' service at the time of the divorce and who had an enlistment which required him to complete more than twenty years' service, was subject to having the trial Court divide his military benefits, when, if, and as payments are received by him. The same results were reached by the trial Court, but reversed by the Court of Civil Appeals in *Cearley v. Cearley,* 536 S.W.2d 96 (Tex.Civ.App.—Austin 1976, writ granted). In *Davis v. Davis,* 495 S.W.2d 607 (Tex.Civ.App.—Dallas 1973, writ dism'd), the Court said " * * * we adhere to our decision in *Miser* * * * *" but they refused to extend the holding to include benefits of an officer who had only served eight and one-half years in the service.

In *Lumpkins v. Lumpkins,* 519 S.W.2d 491 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.), the husband, a Lieutenant Colonel, had completed nineteen years' service at the time of the divorce, and the trial Court was of the opinion that, in order to effect a fair and equitable division of the estate, it would have been necessary to have set aside to the wife a portion of the retirement benefits being earned by the husband. But, the trial Court made no division of those retirement benefits and the judgment was affirmed. Chief Justice Phillips in his dissent said he would hold the retirement benefits were a part of the estate subject to division even though they had not, as yet, vested. No mention is made in that case of the fact that once the officer had served eighteen years, he was entitled to complete twenty years' service and earn his retirement benefits.

■ We hold that where an officer or an enlisted person has reached that stage in service, where for all practical purposes retirement benefits are assured whether by military regulations or enlistment, military retirement benefits are a part of the com-

---

1. *Mora v. Mora,* 429 S.W.2d 660 (Tex.Civ.App. —San Antonio 1968, writ dism'd); *Webster v. Webster,* 442 S.W.2d 786 (Tex.Civ.App.—San Antonio 1969, no writ); *Davis v. Davis* 495 S.W.2d 607 (Tex.Civ.App.—Dallas 1973, writ dism'd); *Lumpkins v. Lumpkins,* 519 S.W.2d 491 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.); *Bright v. Bright,* 531 S.W.2d 440 (Tex.Civ. App.—San Antonio 1975, no writ); *Cearley v. Cearley,* 536 S.W.2d 96 (Tex.Civ.App.—Austin 1976, writ granted); *Ables v. Ables,* 540 S.W.2d 769 (Tex.Civ.App.—Waco 1976, no writ); *Taggart v. Taggart,* 540 S.W.2d 823 (Tex.Civ.App. —Corpus Christi 1976, writ granted).

munity property subject to division by the Court in a divorce proceeding. Naturally, the part of the benefits to be divided must necessarily depend upon the number of years the parties were married and lived in a community property state while the one spouse was in the service. Point of Error No. One is sustained.

If we were in a position to write for the first time on the issue of military retirement benefits, we would hold that such benefits become vested immediately upon entry into the service, and that they are only earned and matured at the end of twenty years' service. We find no other way to reach a fair and just result with an equitable division of the community assets.

In *Lumpkins v. Lumpkins,* supra, the wife of the man in the service for over nineteen years received nothing from the retirement benefits, although within less than a year those benefits had a value of $177,957.00. But had the wife been married to him the last nineteen years of twenty years' service, rather than the first nineteen years, she would have been entitled to a substantial portion of such retirement benefits. In fact, had she only been married the last one year of his twenty years' service, she would have been entitled to something. As it was, she got nothing. (In truth and in fact, it appears that the trial Court did indirectly what it could not do directly, since it gave the husband property worth about $12,000.00 and the wife property of a value in excess of $100,000.00. But, one must wonder what would have been the equitable division if the total community estate, excluding retirement benefits, had only been worth $1,000.00.) In *Davis v. Davis,* supra, the Court suggested that in order to avoid inequitable results, the Court granting the divorce could take into consideration facts concerning acquirement of a portion of military retirement benefits during marriage in order to enter a just and equitable decree. Obviously, such a recommendation was followed by the trial Court in the *Lumpkins* case. But, what is the trial Court to do where the community assets are $1,000.00 rather than $100,000.00?

We find no direction from the Appellate Courts as to how the trial Court's division is to be just and equitable under those circumstances, and certainly we are at a loss as to directions if prior decisions are to be followed.

In *Payne v. Payne,* 82 Wash.2d 573, 512 P.2d 736 (1973), the Supreme Court, En Banc, held that a trial Court decree entered in 1971 was erroneous when it did not divide military retirement benefits of an officer who still had over a year to serve to complete his twenty years' service. That case and others, including *Miser v. Miser,* supra, and *Davis v. Davis,* supra, are considered at some length in a law review article in 50 Wash.L.Rev. 505 (1975) entitled "Community Property—Deferred Compensation: Disposition of Military Retired Pay Upon Dissolution of Marriage." Also see: "Retirement Pay: A Divorce in Time Saved Mine," 24 Hastings L.J. 347 (1973).

Since all of the military retirement benefits are being earned throughout the twenty years' service, and the last day of the last year is no more important than the first day of the first year, those benefits should be recognized as a valuable property right, and should be considered as vested when the service begins and earned when the twenty years are completed. Such a rule is just as fair to the spouse married to a serviceman or woman, whether the marriage lasts for one year or nineteen years, and whether the marriage is at the beginning or at the end of the service period. Of course, if it be at some time other than the end of the twenty year period, retirement benefits should be calculated on the serviceman's rank or grade at the time of the divorce and not on the basis of subsequent promotions. See 50 Wash.L.Rev. 505 at 525.

In those cases where a divorce is granted prior to the benefits being earned, i. e. twenty years service, it would appear to be preferable to require payments to be made when, if, and as the benefits are received. To do otherwise could result in an inequitable distribution of community property where the wife be awarded a sum

equal to the present value of benefits yet to be earned and, because of death, resignation, or discharge, the required years of service are never completed and the benefits never earned. See 50 Wash.L.Rev. 505 at 532.

We believe to hold otherwise would, in most cases, result in "grossly inequitable results," the very thing the dissenting justices were so concerned about in *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970). Also see: "Military Retirement Benefits as Community Property—*Busby v. Busby,*" 27 Sw. L.J. 340 (1971), and "Military Retirement Benefits as Community Property: New Rules From The Supreme Court?" 24 Baylor L.Rev. 235 (1972).

In this case, we recognize that death, resignation or the loss of ecclesiastical indorsement may prevent the completion of twenty years' service. Likewise, in the *Miser* case, death and discharge would have prevented the airman from completing twenty years' service. But as between those unlikelihoods and the working of a gross injustice, we conclude that they are not so likely to occur as to prevent the division of a most valuable asset, when, if, and as it is received.

Based upon the decision in the *Miser* case, we believe a similar result should be reached in this case where an officer has a right under military regulations to complete twenty years of active duty service and thereby earn his retirement benefits. Whether a similar result will be reached in all cases involving servicemen and women must be left to our highest Court and perhaps the Legislature.

That part of the judgment of the trial Court which provides that Mary Schappell take nothing insofar as Robert N. Schappell's anticipated military retirement benefits are concerned is reversed and the case is remanded to the trial Court. In all other respects the judgment is affirmed.

## ON MOTION FOR REHEARING

Subsequent to our original opinion in this case, the Supreme Court of Texas held in *Cearley v. Cearley,* 544 S.W.2d 661 (1976), that military retirement benefits " * * * constitute a contingent interest in property and a community asset subject to consideration along with other property in the division of the estate of the parties under Section 3.63 of the Family Code."

The motion for rehearing is overruled.