Epifanio Simon CASTILLO et
al., Appellants,

v.

AMERICAN STATES INSURANCE
COMPANY OF TEXAS, Appellee.

No. 19190.

Court of Civil Appeals of Texas,
Dallas.

April 28, 1977.

David K. Line, Robert W. Hartson, Inc.,
Dallas, for appellants.

Henry Stollenwerck, Dallas, for appellee.

ROBERTSON, Justice.

Epifanio Simon Castillo, Jose Castillo and wife, Josefa Castillo, appellants herein, sued American States Insurance Company of Texas, appellee, seeking to recover for the fire loss of a residential dwelling, insured by appellee. American filed a motion for summary judgment and alleged that there had been a change of ownership after the issuance of the policy. The trial court found that there was a change of ownership after the issuance of the policy and granted the summary judgment. Because we find that there is no evidence to support this finding, we reverse and remand for trial on the merits.

The change of ownership defense is based on the section of the policy entitled "conditions suspending or restricting insurance." That section provides that "Unless otherwise provided in writing added hereto, this Company shall not be liable for loss occurring . . . (d) following a change in

ownership of the insured property." The record reflects that the original policy was renewed on October 3, 1972, for a period of three years. Jose Castillo and wife, Josefa Castillo, were the named insureds. The property was destroyed by fire on February 23, 1975, and thereafter Juan Villegas and wife, Francisca Villegas, conveyed the property to Epifanio Castillo on April 28, 1975. In an affidavit, Epifanio Castillo stated that Jose and Josefa Castillo conveyed the property which is the subject of this lawsuit to Julio Castillo in or about 1970.

The only summary-judgment evidence of a change of ownership is the affidavit of Epifanio Castillo which reveals that the alleged change occurred before the effective date of the policy. The affidavit does not support the finding that there occurred a change of ownership *after* the issuance of the renewal policy. The only effect of this affidavit is to show a possible change of ownership *prior* to the date of the renewal policy. The only summary-judgment evidence offered by either party regarding a change of ownership *after* the date of the policy is the warranty deed which names Juan Villegas and wife, Francisca Villegas, as grantors and Epifanio Simon Castillo and wife, Cynthia E. Castillo, as grantees. Since there is no explanation of how Juan and Francisca Villegas had acquired their title, this deed is no evidence that the insureds, Jose and Josefa Castillo, had ever conveyed the property. If the Villegas had no legal title, their conveyance conferred no legal rights. There is no evidence in this record that the insured property change ownership *after* the effective date of the insurance policy in question, and for that reason the summary judgment cannot stand.

■ The issue on appeal is whether the summary-judgment proof establishes a matter of law that there was no genuine issue of fact as to one or more of the essential elements of the plaintiffs' cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). All doubts regarding the existence of genuine issues of material fact must be resolved against the party moving for a summary judgment. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589, 592 (Tex.1975); *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The requisite facts for summary judgment must be affirmatively established by the summary-judgment record; no supporting presumptions will be indulged. *Cook v. Brundidge, Fountain, Elliott & Churchill,* 533 S.W.2d 751, 759 (Tex. 1976); *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317, 318 (1961).

■ Although the insurance company asserts that appellant was not covered under the policy, this contention was not specified in its motion for summary judgment. Grounds not raised in the motion for summary judgment cannot be considered to support the judgment on appeal. *Avinger v. Campbell,* 499 S.W.2d 698, 702 (Tex.Civ. App.—Dallas 1973) *writ ref'd n. r. e. per curiam,* 505 S.W.2d 788 (Tex.1974). As authority to the contrary, the insurance company cites *Spray v. Stash,* 523 S.W.2d 262 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.), which held that the specificity requirement can be waived by a party's failure to except to a generalized motion for summary judgment. The rationale of *Spray,* however, can only apply in cases where *no* specific grounds were stated; appellant thus could not object to any lack of specificity and has not waived his right to be informed of additional grounds relied upon to support the motion.

Reversed and remanded.