Oscar **MEDRANO**, Appellant,

v.

Marvin **MILLER**, Appellee.

No. 16427.

Court of Civil Appeals of Texas, San Antonio.

Oct. 31, 1980.

Rehearing Denied Dec. 10, 1980.

---

Sam C. Bashara, San Antonio, for appellant.

Richard J. Reynolds, III, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a legal malpractice suit by Oscar Medrano against Marvin Miller, the attorney who represented him in a divorce suit. In 1972, a divorce was granted between Oscar Medrano and his wife, Raquel Medrano. Although Oscar Medrano was in the military service, no division of military benefits was made in the divorce suit.

On January 4, 1979, Raquel Medrano filed suit against her ex–husband, Oscar Medrano, seeking partition of the military retirement benefits. Appellant, Oscar Medrano, instituted a cross–action against appellee, Marvin Miller, seeking damages for negligence in handling his divorce, alleging that Miller negligently failed to dispose of the military retirement benefits, failed to secure them for Oscar Medrano, and failed to advise him of his potential exposure to a subsequent partition suit. Miller filed an answer including a plea of limitations. The cross–action was severed from the partition suit. Miller filed a motion for summary judgment which was granted by the trial court, and Medrano appeals from the granting of such summary judgment.

By two points of error, appellant asserts that the trial court erred in granting summary judgment to appellee because there were fact issues as to whether Miller acted negligently in failing to dispose of military retirement benefits, and as to whether the claim of Medrano was barred by limitations.

An attorney in a malpractice suit is not liable for an error in judgment if he acts in good faith and his acts are well founded and in the best interest of his client. *State v. Baker*, 539 S.W.2d 367, 375 (Tex.Civ. App.–Austin 1976), *aff'd*, 559 S.W.2d 145 (1977); *Hicks v. State*, 422 S.W.2d 539 (Tex. Civ.App.–Houston [14th Dist.] 1967, writ ref'd n. r. e.); *Cook v. Irion*, 409 S.W.2d 475 (Tex.Civ.App.–San Antonio 1966, no writ).[1]

---

1. In *Cook v. Irion*, this court also said:

    The duty of the attorney in representing his client is well stated by the Supreme Court of North Carolina in *Hodges v. Carter*, 239 N.C. 517, 80 S.E.2d 144, 45 A.L.R.2d 1 (1954), as follows:

    'Ordinarily when an attorney engages in the practice of the law and contracts to prosecute an action in behalf of his client, he impliedly represents that (1) he possesses the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated ordinarily possess; (2) he will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he will exercise reasonable

It is undisputed that at the time the divorce was granted appellant's military retirement benefits were non–vested,[2] that is, he had not served the 20–year period required for him to be eligible to receive retirement benefits. Appellant urges that there was a fact issue as to whether or not appellee's conduct in connection with his failure to dispose of the military retirement benefits was substandard and the proximate cause of resulting damages, relying heavily on *Miser v. Miser*, 475 S.W.2d 597 (Tex.Civ.App.–Dallas 1971, writ dism'd).

In passing on the question of appellant's alleged negligence in this legal malpractice suit, we need to examine the history of military retirement benefits in divorce cases in this state. Prior to the pertinent dates of the divorce here involved (August and September, 1972), this court had decided three such cases, all involving vested retirement benefits. In *Kirkham v. Kirkham*, 335 S.W.2d 393 (Tex.Civ.App.–San Antonio 1960, no writ), this court held the military retirement benefits were community property and could be partitioned upon divorce where the retirement benefits had accrued by reason of 22½ years of military service. Eight years later, in *Mora v. Mora*, 429 S.W.2d 660 (Tex.Civ.App.–San Antonio 1968, writ dism'd), we held that military retirement benefits were community property where the husband had served over 25 years in the military service, a length of time sufficient for him to obtain a vested property right, even though the benefits were not payable at the time the divorce was granted. In *Webster v. Webster*, 442 S.W.2d 786 (Tex.Civ.App.–San Antonio 1969, no writ), we again held that vested military retirement benefits were community property assets.

In 1970, the Texas Supreme Court was presented with a related problem in *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). The court held that military disability retirement benefits of the husband who had served in the military for over 20 years at the time of the divorce were community in nature and partitionable upon divorce.

*Miser v. Miser, supra,* relied upon by appellant, was handed down by the Dallas Court of Civil Appeals in December, 1971, shortly before the divorce here involved. In *Miser*, the husband had served 18½ years in the armed services at the time of the divorce, lacking approximately 1½ years additional military service to be eligible for retirement benefits. He had, however, at the time committed himself to a reenlistment period which would extend beyond the 20–year period. The court, limiting its holding to the particular facts and circumstances before it, held that the military retirement benefits were community in nature, and a property right subject to division upon divorce.

It is seen that on the applicable dates in which Miller is charged with negligence, only one Texas case, *Miser v. Miser*, had held that a non–vested military retirement benefit was partitionable upon divorce. On the other side of the coin, there were a number of cases, including three by this court, indicating to the contrary. At this point the issue of non–vested military retirement benefits was at best unsettled.

This court, as late as 1975 in *Bright v. Bright*, 531 S.W.2d 440 (Tex.Civ.App.–San Antonio 1975, no writ), held that a divorce court had no power to provide non–vested military retirement benefits, in a case where at the time of the divorce the husband had 16 years and 4 months of military service.[3] The identical question was considered by the Austin Court of Appeals in *Lumpkins v. Lumpkins*, 519 S.W.2d 491

---

and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause.'
409 S.W.2d at 477.

**2.** The use of the term "non–vested" is intended to indicate that the minimum number of years required for military retirement eligibility has not yet been served.

**3.** "The principal question is whether the divorce court has the power to divide non–vested military retirement benefits. The trial court held that under existing case law it did not have this power. We agree." *Bright v. Bright*, 531 S.W.2d 440 (Tex.Civ.App.–San Antonio 1975, no writ).

(Tex.Civ.App.–Austin 1975, writ ref'd n. r. e.), where the court, after a full discussion of authorities, held that before military retirement benefits are subject to division by the divorce court the benefits must be vested. Even the Dallas Court of Civil Appeals, the court which had handed down *Miser* in 1971, two years later in *Davis v. Davis*, 495 S.W.2d 607 (Tex.Civ.App.–Dallas 1973, writ dism'd), held that military retirement benefits of the husband who had served 8½ years in the Air Force were not partitionable upon divorce, and distinguished *Miser* from *Davis* because of different fact situations.

It was not until 1976, four years after the Medrano divorce was granted, that the issue as to the character of non–vested military retirement benefits in Texas was settled. In *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976), the Supreme Court of Texas considered the issue because of the conflict between the decision rendered by the Austin court in *Cearley v. Cearley*, 536 S.W.2d 96 (Tex.Civ.App.–Austin 1976) and that reached in the *Miser* case, noting:

> While the status of military pension benefits earned during marriage is now firmly established as community property, the decisions in this and other community property States have differed as to whether the pension payments must have vested or matured before they are subject to apportionment by a divorce court, or whether future contingent payments may be apportioned 'if, as, and when' they mature and are received by the retired spouse.

*Cearley, supra,* at 663.

The court noted that *Miser* was the first reported case in Texas to apportion benefits which had neither accrued nor matured at the time the marriage was dissolved. The opinion by the supreme court in *Cearley* clearly indicates that the law up to that point was settled as to vested military retirement benefits, but somewhat unsettled where said benefits were not vested. The court in *Cearley* then determined the issue by holding that non–vested as well as vested military retirement benefits were partitionable upon divorce.

At the worst, appellant made an error in judgment. There is nothing in the record to indicate that he acted in bad faith or that his actions were not well founded or in the best interest of his client. When the record here is considered in the light of the controlling principles of law hereinbefore set forth, it is evident that there is no fact issue as to the negligence of appellant.

The trial court correctly granted the motion for summary judgment. At the time of the Medrano divorce, the great weight of authority held that a divorce court had no power to divide non–vested military benefits. Assuming, arguendo, that appellant made an error in judgment on this unsettled question of law, this alone would not make an attorney liable for damages for malpractice if he were acting in good faith and in an honest belief that his advice and his acts are well founded and in the best interest of his client. There is no evidence in the record whatsoever that appellant was not acting in good faith and in an honest belief that his advice and his acts were well founded and in the best interest of his client.

Moreover, we can see no damages to appellant. The failure of a trial court to partition or divide a community asset in a divorce suit results only in the owners of such assets holding such property in common and neither party loses whatever interest he or she may own in such property. Appellant has not lost his interest in the retirement benefits by the failure to partition or divide such benefits at the time of the divorce. If the retirement benefits are partitioned now, he is in no worse position than he would have been had the benefits been partitioned in 1972 at the time of the divorce.

Appellant's point of error number 1 is overruled.

In view of our holding herein, we deem it not necessary to consider appellant's point of error number 2 which pertains to appellee's defense of limitations.

The judgment of the trial court is affirmed.

CADENA, Chief Justice, concurring.

I agree that the judgment below should be affirmed, but I would base that result solely on the ground that appellant's cause of action is barred by the statute of limitations. The negligence, if any, of appellee, occurred in 1972 and this suit was not filed until 1979. Under these circumstances, appellee's invocation of the statute of limitations barred any recovery by appellant. *Citizens State Bank of Dickinson v. Shapiro,* 575 S.W.2d 375 (Tex.Civ.App.–Tyler 1978, writ ref'd n. r. e.); *Bell v. Bell,* 434 S.W.2d 699 (Tex.Civ.App.–Beaumont 1968, writ ref'd n. r. e.). *See, also,* the opinion, not yet published, in *Edward Bankers & Company v. Richie,* No. B2219, July 23, 1980 (Tex.Civ. App.–Houston [14th Dist.]).

I cannot join in the holding by the majority that the summary judgment record in this case establishes as a matter of law that appellee was not negligent.

In 1972, when the Medrano divorce proceedings which gave rise to appellant's charge of negligence took place, the state of the law concerning partition of interest in retirement benefits may be summarized as follows:

1. Four decisions, including one by our Supreme Court, had held that retirement benefits which, at the time of the dissolution of the marriage, were "vested" in the sense that the minimum number of years required for retirement had been served, constituted a community asset subject to partition in the divorce proceedings. *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970); *Webster v. Webster,* 442 S.W.2d 786 (Tex.Civ. App.–San Antonio 1969, no writ); *Mora v. Mora,* 429 S.W.2d 660 (Tex.Civ.App.–San Antonio 1968, writ dism'd); *Kirkham v. Kirkham,* 335 S.W.2d 393 (Tex.Civ.App.– San Antonio 1960, no writ).

2. Only one case had been decided in which, at the time of the divorce, the spouse who was serving in the armed forces had not served the minimum number of years required for retirement. In *Miser v. Miser,* 475 S.W.2d 597 (Tex.Civ.App.–Dallas 1971, writ dism'd), at the time of the divorce, the husband, an enlisted man, had not served the 20 years required for retirement, but had re-enlisted for a period which would expire after he had completed 20 years of service. The facts in *Miser* were almost identical with the facts in the divorce case with which we are here concerned. Here, at the time of the divorce, Oscar Medrano had served in the armed forces continuously as an enlisted man for 17 years and ten months, but was continuing to serve as a result of re-enlisting for a period terminating on October 31, 1974, on which expiration date he would have completed more than 20 years' service. In *Miser* the Dallas Court of Civil Appeals, pointing out that the husband, because of the re-enlistment, was obligated to remain in the service for a period in excess of 20 years, held that his retirement rights constituted a community asset subject to partition in the divorce proceedings.

The majority opinion states that in 1972 there were four cases, *Busby, Webster, Mora* and *Kirkham,* which, while holding that vested retirement rights were subject to partition on divorce, should be construed as "indicating" that a "non–vested" interest in a retirement plan was not subject to such partition. This interpretation of those four decisions is not acceptable. A holding that a vested interest is subject to partition is no indication that a non–vested interest is not. As far as *Busby* is concerned, the untenability of the argument that it indicated that a non–vested right could not be partitioned is reflected in the opinion in *Cearley v. Cearley,* 544 S.W.2d 661, 665 (Tex.1976), where the Supreme Court said that the objections to the treatment of "non–vested" (referred to in *Cearley* as "unaccrued") pension rights as property "were anticipated and answered by this Court in" *Busby.*

Since *Miser* was the only decision, at the time of the Medrano divorce, dealing with facts similar to those involved in the Medrano divorce proceeding, and since that case clearly held that, under those circumstances, the interest in the pension benefits was a property right subject to partition, the statement in the majority opinion that in 1972 "the great weight of authority *held*

that a divorce court had no power to divide non–vested military benefits" (emphasis mine) must be rejected.

It can, perhaps, be reasonably contended that because the only decision directly in point was that of an intermediate appellate court, the question of apportionment of non–vested pension rights was "unsettled" in 1972. But I cannot accept the notion that an attorney who fails to assert a right on behalf of his client, is, as a matter of law, rendered nonnegligent merely because the existence of the right is "unsettled." Even under the remarkably low standard of care which many courts have traditionally imposed on attorneys, such a conclusion is indefensible.

According to the majority opinion, an attorney is not guilty of malpractice for an error in judgment if he acts in good faith and his acts are well founded and in the best interest of his client. Even if this standard of care is permitted to pass unchallenged, the majority opinion can be defended only if it be assumed that appellee acted in good faith, that his acts were well founded, and that his acts were in the best interest of his client.

Appellee's answer in this case was limited to a general denial and a plea of limitations. It contains no allegations that the law was unsettled, that he acted in good faith, or that his failure to assert his client's pension rights was in the best interest of his client. The appellee's motion for summary judgment alleges that he is entitled to summary judgment because (1) appellant's claim is barred by limitations; (2) at the time of the divorce proceeding "the state of the law in Texas regarding disposition of retirement benefits was unsettled, and Texas courts have long held that an error of judgment, if indeed there was such an error in judgment in this case, on a controverted or unsettled question of law, will not make an attorney liable for damages that result therefrom"; and (3) at the time of the divorce appellant "had not served the requisite twenty years in the military service such as would entitle him to retirement benefits and, therefore, his rights in said benefits were not vested or subject to partition."

The motion for summary judgment does not allege that appellee's actions were well founded. It does not assert that he acted in good faith. It does not state that his actions were in the best interests of his client. Even if the motion had contained such allegations, it is unverified and is not supported by any affidavit stating, even in the form of conclusions unsupported by recitals of fact, that the attorney's action was well founded, taken in good faith and in the best interest of the client. Under these circumstances, there is no summary judgment "evidence" which establishes as a matter of law the existence of the facts necessary to bring into operation the rule relied on by the majority in concluding that appellee, as a matter of law, was not negligent. Under the record before us, the conclusion absolving the appellee of negligence as a matter of law can stand only if it be assumed that the failure to assert a right is necessarily a well founded course of conduct, engaged in good faith and is in the best interest of the client simply because the existence of the right is "unsettled." I do not understand the mental processes which lead to the conclusion that a failure to assert a client's right because the existence of the right is unsettled is, as a matter of law, in the best interest of the client. The record before us reflects no facts supporting the conclusion that the failure to assert the client's right in this case was in the best interest of the client, and the majority opinion does not attempt to explain how such failure was in the client's best interest. Nor is there any explanation why, in this case, presumptions should be indulged to support the summary judgment. See 5 Tex.Jur.3d, *Appellate Review* § 639 (1980).

I do not mean to suggest that appellee was, in fact, guilty of negligence. I merely reject the conclusion that the record before us establishes the absence of material facts on the question of negligence.

The majority opinion also bases its affirmance of the summary judgment on the theory that appellant has suffered no damage. Appellee's motion for summary judg-

ment specifies the grounds on which it was based and the absence of damage was not one of the specified grounds. Under these circumstances, the absence of damage, a ground not specified in the motion, cannot be made the basis for affirmance of the judgment. *Castillo v. American States Insurance Company of Texas*, 550 S.W.2d 408, 409 (Tex.Civ.App.–Dallas 1977, no writ); *Avinger v. Campbell*, 499 S.W.2d 698, 702 (Tex.Civ.App.–Dallas), *writ ref'd n. r. e. per curiam*, 505 S.W.2d 788 (Tex.1974).